515 So.2d 1373 (1987)
Hamid A. BAGHAFFAR, Gesson N.V., a Netherlands Antilles Corporation, and Reanco Corporation, a Florida Corporation, Petitioners,
v.
Bobby E. STORY, Adnan al-Saleh, and Lake Pleasant Corporation, a Florida Corporation, Respondents.
No. 87-1411.
District Court of Appeal of Florida, Fifth District.
December 3, 1987.
Carl W. Hartley, Jr., and Richard F. Wall, of Hartley & Wall, Orlando, for petitioners.
Douglas C. Spears, of Smathers, Pleus, Adams, Fassett & Divine, P.A., Orlando, for respondents.
COWART, Judge.
This cause is before the court on a petition for writ of certiorari to review an order dissolving a lis pendens recorded by petitioners when they instituted a suit to enforce the terms of a settlement agreement entered pursuant to a prior litigation. Such an order is properly reviewable by certiorari.[1]
The settlement agreement which is the basis of petitioner's complaint below provided that respondents transfer property with an appraised value of 2.5 million dollars to petitioners. If a dispute arose between the parties as to the value of the transferred property, an arbitrator would determine whether a deficiency existed. If a deficiency was established, the agreement provided that respondents, at their option, could satisfy the deficiency either by transferring additional property to petitioners or by paying the deficiency in cash. A dispute did, in fact, arise as to the value of the property transferred and the courtappointed arbitrator found that there was a deficiency.
Respondents argue that because the terms of the agreement gave them the option to pay any deficiency in cash, the action to enforce the settlement agreement does not directly affect the realty burdened *1374 by the lis pendens, and therefore it was properly dissolved by the trial court.[2] However, a review of the entire settlement agreement in this case establishes that the clear intent of the parties was to dedicate or pledge the property in question to satisfy the amount due to petitioners.[3] Furthermore, the fact that respondents could satisfy their obligation to petitioners by paying cash does not defeat petitioners' right to the security of a lis pendens any more than the fact that a property owner could satisfy a mortgage or mechanic's lien in cash would mean that the mortgagee or lienholder was not entitled to a lis pendens.
Since the complaint filed by petitioners states a valid cause of action affecting the property in question, the trial court should have continued the lis pendens conditioned upon the filing of a bond by petitioners in an amount sufficient to protect respondents against any damages resulting from its wrongful continuance.[4] The discharge of the lis pendens under these circumstances was a departure from the essential requirements of law, and therefore the petition for writ of certiorari is granted. The order of the circuit court is quashed and the case remanded for a determination as to the amount of a reasonable bond to be required.
WRIT ISSUED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] See, e.g., Kent v. Kent, 431 So.2d 279 (Fla. 5th DCA 1983); Finney v. Wonder Development Corp., 392 So.2d 583 (Fla. 5th DCA 1981).
[2] When a complaint does not support a direct claim against property which is burdened by a lis pendens, it should be discharged. See Powerline Development Corp. v. Assor, 458 So.2d 305 (Fla. 3d DCA 1984); Tortu v. Tortu, 430 So.2d 531 (Fla. 4th DCA 1983); Lake Placid Holding Co. v. Paparone, 414 So.2d 564 (Fla. 2d DCA 1982). See also Beefy King International, Inc. v. Veigle, 464 F.2d 1102 (5th Cir.1972) (assuming the solvency of the party against whom the lis pendens is filed, complete relief can be afforded without reference to the property covered by the lis pendens, and therefore there is no justification for burdening the alienability of said property).
[3] The intent of contracting parties is to be determined from an examination of the whole contract, and not just one small portion thereof. See A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla. 1973); Lalow v. Codomo, 101 So.2d 390 (Fla. 1958); Arthur Rutenburg Corp. v. Pasin, 506 So.2d 33 (Fla. 4th DCA 1987); Macaw v. Gross, 452 So.2d 1126 (Fla. 3d DCA 1984).
[4] See section 48.23(3), Florida Statutes (1985), which provides that a court may control and discharge a lis pendens which is not based on a recorded instrument or mechanic's lien in the same manner it grants and dissolves injunctions. See also Florida Communities Hutchinson Island v. Arabia, 452 So.2d 1131 (Fla. 4th DCA 1984).