614 So.2d 491 (1993)
Louis CHIUSOLO, Petitioner,
v.
William KENNEDY, Respondent.
No. 79103.
Supreme Court of Florida.
February 25, 1993.
*492 Leonard R. Ross and George D.E. Burden, Daytona Beach, for petitioner.
Richard A. Manzo of the Law Offices of Manzo & Praver, P.A., Titusville, for respondents.
PER CURIAM.
We have for review Chiusolo v. Kennedy, 589 So.2d 420 (Fla. 5th DCA 1991), which certified conflict with Cacaro v. Swan, 394 So.2d 538 (Fla. 4th DCA), review dismissed, 402 So.2d 608 (Fla. 1981). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Petitioner Louis Chiusolo filed a lis pendens in connection with his lawsuit seeking to impose a resulting and constructive trust on certain real property in which he claimed an interest. The gist of the complaint in the suit was that Chiusolo had advanced funds ultimately used to purchase the property and in return was to receive stock in the corporation that actually owned the property. He alleged the stock was never given him. The trial court discharged the lis pendens, and Chiusolo appealed.
The en banc Fifth District reversed and in doing so receded from its own precedent in Sparks v. Charles Wayne Group, 568 So.2d 512 (Fla. 5th DCA 1990). The Fifth District held that the proponent of the lis pendens bears the burden of showing that the claim affects the real property in question and that there is a substantial likelihood of success on the merits. Id. at 421.
One of several purposes underlying the doctrine of lis pendens is that, when a suit is filed that could affect title in property, some notice should be given to future purchasers or encumbrancers of that property. DePass v. Chitty, 90 Fla. 77, 105 So. 148 (1925). This serves the purposes of protecting those purchasers or encumbrancers from becoming embroiled in the dispute,[1] and of protecting the plaintiff from intervening liens that could impair any property rights claimed and also from possible extinguishment of the plaintiff's unrecorded equitable lien. In sum, unlike a typical injunction, a lis pendens exists as much to warn third parties as to protect the plaintiff; and the procedural requirements associated with lis pendens should advance both of these important purposes.
Thus, we believe that the lis pendens cannot be dissolved if, in the evidentiary hearing on request for discharge, the proponent can establish a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit.[2] To this end, the trial court need not determine whether there is any likelihood the property will be alienated or subjected to intervening liens during the pendency of the cause. The relevant question is whether alienation of the property or the imposition of intervening liens, if either actually occurred, conceivably could disserve the purposes for which lis pendens exists.[3] Where the answer is yes, fair nexus must be found.
Based on the policy outlined above, we do not agree that any greater proof is required of the proponent. We agree with *493 the observation in Sparks, 568 So.2d at 517, that the statutory reference to injunctions[4] exists merely to permit property holders to ask in an appropriate case that the plaintiff post a bond where needed to protect the former from irreparable harm. The bond requirement, whenever appropriate, is a vehicle for protecting the property holders just as the lis pendens protects the plaintiff and third parties.
We approve in part and quash in part the opinion below. We disapprove Cacaro to the extent it conflicts with our views here. This cause is remanded for further proceedings in conformity with this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
HARDING, J., concurs in part and dissents in part with an opinion.
HARDING, Justice, concurring in part and dissenting in part.
I concur with the majority opinion which holds that a lis pendens cannot be dissolved if a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit can be established. I respectfully dissent from the majority opinion when it holds that the burden of proof is on the proponent of the lis pendens to show such a nexus. I agree with Judge Sharp in her opinion concurring in part and dissenting in part below that where the pleadings establish such a nexus, the burden should then be on the party challenging the lis pendens. Chiusolo, 589 So.2d at 422 (Sharp, J., dissenting).
NOTES
[1] It is true that, if lis pendens were not available, a subsequent third-party purchase might extinguish a plaintiff's unrecorded lien against the property. Nevertheless, legal theories still might exist by which the third-party purchaser could be sued, even if unsuccessfully. Thus, lis pendens exists at least in part to prevent third-party purchasers from "buying" a lawsuit when they purchase the property.
[2] Thus, we agree that the burden of proof rests on the proponent, though the quantum of proof necessary is not as severe as that suggested by the District Court below.
[3] Accordingly, it is possible for the property holder to obtain discharge of the lis pendens where sufficient measures have been taken to protect the interests claimed by the plaintiff, in the event those interests ultimately prove to be valid.
[4] The lis pendens statute provides:

When the initial pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of chapter 713, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.
§ 48.23(3), Fla. Stat. (1991).