660 So.2d 1122 (1995)
LENNAR FLORIDA HOLDINGS, INC., etc., et al., Petitioner,
v.
FIRST FAMILY BANK, etc., et al., Respondent.
No. 95-361.
District Court of Appeal of Florida, Fifth District.
September 1, 1995.
Rehearing Denied October 3, 1995.
Walter S. McLin, III, and Phillip S. Smith of McLin, Burnsed, Morrison, Johnson & Robuck, P.A., Leesburg, and Norman A. Moscowitz of Rubin, Baum, Levin, Constant, Friedman & Bilzin, Miami, for petitioner.
Stephen H. Judson of Cummins, Mueller & Judson, P.A., Leesburg, for respondent.
THOMPSON, Judge.
Lennar Florida Holdings, Inc. ("Lennar"), seeks certiorari review of an order denying its motion to dissolve a notice of lis pendens or, in the alternative, to require the posting of a bond. Lennar has been sued by First Family Bank ("First Family") in Lake County, where the property affected by the lis pendens is located.
The underlying action is a second-amended complaint, alleging breach of contract and breach of trust, and seeking specific performance, a constructive trust, and a temporary and permanent injunction. In 1972 and 1973, First Family, which was then known as First Federal Savings and Loan Association of Eustis, entered into contracts referred to as participation agreements whereby it purchased an interest in two loans made by American Federal Savings and Loan Association of Orlando ("American Federal"). For contributing a percentage of the loan amount, First Family would share a percentage of the accumulated principal and interest. *1123 These loans were secured by mortgages on properties located in Lake and Orange Counties.[1] First Family contributed 34% of the $843,000 loan secured by the mortgage on the Lake County property. American Federal held the notes and mortgages for the benefit of all participants, and was authorized to deal with the loans as absolute owner. The participation agreements provided that American Federal would act as a prudent lender if the loans went into default, and if it breached or failed to perform its obligations the other participants could require on demand that their full participating interests in such loans be repurchased at par value. It was also provided that the terms and provisions of the participation agreements would be binding upon the successors and assigns of the participants.
American Federal later merged with AmeriFirst Federal Savings and Loan Association. In March 1991, the Resolution Trust Corporation ("RTC") took possession of AmeriFirst's assets, including the aforementioned notes, mortgages, and loan participation agreements.
While under the control of the RTC, the notes went into default and the RTC filed separate suits to foreclose against the mortgages on the Lake and Orange County properties. On July 25, 1991, the circuit court in Lake County entered a summary final judgment of foreclosure in favor of the RTC. Final judgment of foreclosure was also entered in Orange County.
The Lake County property was auctioned for sale on November 5, 1991. The RTC was the high bidder and a certificate of sale was entered on that date. First Family was not a party to the foreclosure proceedings. In 1992, Lennar received, as part of a large portfolio purchase from the RTC, assignments of the RTC's interest in the subject notes, mortgages, and summary final judgments of foreclosure relating to the Lake and Orange County properties. Pursuant to the assignments from the RTC, Lennar was issued a certificate of title on December 15, 1992, for the Lake County property.
The dispute in the present lawsuit stems from a contract Lennar entered into on May 25, 1994 to sell the Lake County property for $200,000, which allegedly is an amount below fair market value and below the total amount of the debt due on the loan which was the subject of the participation agreement. First Family alleges that, as a successor in interest to American Federal's obligations under the applicable participation agreement, Lennar breached its duty to exercise judgment as a prudent lender. First Family further alleges that Lennar refused to repurchase First Family's participation interest after breaching the participation agreement. First Family claims that its damages include unpaid principal and interest, and maintenance costs improperly charged to it. In addition to money damages, First Family seeks a constructive trust and judgment conveying to it a 34% fee simple ownership interest in the subject property.
On June 14, 1994, First Family filed in Lake County its second-amended complaint and amended notice of lis pendens. Lennar filed a motion to dissolve the notice of lis pendens, or in the alternative, to require First Family to post a bond. On December 9 and 14, 1994, an evidentiary hearing was held. By order dated January 10, 1995, the lower court denied the motion to dissolve the notice of lis pendens as to the Lake County property and did not require First Family to post a bond. It is from this order that Lennar seeks certiorari review.
One of the purposes of the doctrine of lis pendens is to give notice to future purchasers or lienors that a suit has been filed that could affect title to the property. A lis pendens exists as much to warn third parties of the dispute as to protect the plaintiff's interests. See Chiusolo v. Kennedy, 614 So.2d 491 (Fla. 1993). A court may control or discharge a notice of lis pendens as it may grant or dissolve injunctions if the initial pleading does not show that the action is founded on a duly recorded instrument or mechanic's lien. See § 48.23(3), Fla. Stat. (1993); Mohican Valley, Inc. v. MacDonald, 443 So.2d 479 (Fla. 5th DCA 1984).
Reference to the participation agreement in a recorded instrument would not give constructive *1124 notice of First Family's claimed interest in the property. The participation agreement is vague in many respects, but on its face appears to limit damages for breach to a repurchase of the party's participating interest.
The issue before us is whether the proponent of the lis pendens, First Family Bank, has shown that there is a sufficient nexus between its action and the property in question. See Chiusolo v. Kennedy, 614 So.2d at 492. Although First Family had a "participation" interest in the subject note and mortgage, that mortgage was foreclosed and the collateral property sold pursuant to the judgment. First Family did not intervene in the foreclosure action. Lennar acquired title to the property after the mortgage was discharged. First Family has not alleged that Lennar fraudulently obtained title to the Lake County property.
We hold that First Family has not demonstrated a sufficient nexus between its second amended complaint and the property described in the lis pendens. We, therefore, grant the petition for writ of certiorari and quash the order denying the motion to discharge the notice of lis pendens.
PETITION GRANTED; ORDER QUASHED.
HARRIS and GRIFFIN, JJ., concur.
NOTES
[1] The lis pendens described both the Lake County and Orange County parcels, but the trial court in its order limited the lis pendens to the Lake County property.