PETERSON, Chief Judge,
concurring specially.
The trial court’s dissolution of the lis pen-dens was proper. I believe the opinion in Lennar Florida Holdings, Inc. v. First Family Bank, 660 So.2d 1122 (Fla. 5th DCA 1995), should control this appeal; therefore I disagree with the dissent.
It is clear from the Lennar opinion that the lis pendens in that case would have been *1189 dissolved before or after a good faith purchaser had purchased the real property in question. The issue in Lennar was whether the plaintiff, First Family Bank, had an interest in the real property described in the lis pendens or whether it had an interest as a participant in a venture that was entered into between First Family Bank and another bank, to provide funds from which a loan secured by a real property mortgage was made to a third party. The property interest of First Family in the venture was clearly an interest in intangible personal property. This court held that a sufficient nexus did not exist between the bank’s action to enforce the participation agreement and the real property.
The nexus in the instant case between the plaintiffs’ beneficial interest in a trust and the real property, is even weaker than that which existed in Lennar. Here, the plaintiffs’ trustee had an intangible personal property interest in a speculative joint venture, the final objective of which was to realize a profit from the sale of land after improvement. The plaintiffs’ funds were in no way secured.
There is another factor which supports the trial court’s discharge of the lis pendens in this matter. The transcript of the proceedings below indicates that there are other third party participants in the venture who may not wish the efforts of Nat Weaver, Inc., to save a venture gone bad at the hands of Davis Land Company, Inc., to be frustrated by the chilling effect of the plaintiffs’ lis pendens.
The recordation of a lis pendens is a powerful litigation tool that should not be liberally expanded by the courts, especially in the absence of bond proceeds that would be available for the protection of aggrieved and innocent persons.