PER CURIAM.
Raymond Christian, who filed an action seeking inter alia specific performance of a real estate contract in which he agreed to purchase waterfront property from defendants, the sellers, appeals a non-final order granting the sellers’ motion to dissolve lis pendens, and the denial of his motion for rehearing. We treat the appeal as a petition for writ of certiorari and grant the petition.
In the underlying lawsuit, Christian claimed that the sellers had not used diligent effort to clear defects to the title so as to permit the sellers to rely on the provision of the contract which entitled them to require Christian to accept either the property with the title defects or the return of his deposit. The sellers argued at the hearing on the motion to dissolve, and continue to argue to this court, that Christian could not demonstrate the existence of a nexus between the ownership of the property and the dispute embodied in the lawsuit because they had used diligent effort.
We agree with Christian that whether the sellers did or did not use diligent effort within the meaning of the contract was not the proper inquiry on the motion to dissolve. While the burden was on Christian to show the nexus, he did not have to show there was a substantial likelihood of success on the merits, see Chiusolo v. Kennedy, 614 So.2d 491, 492-93 & 492 n. 2 (Fla.1993), or establish his claim by the greater weight of the evidence, see Acapulco Constr., Inc. v. Redavo Estates, Inc., 645 So.2d 182, 183 (Fla. 3d DCA 1994).
We find merit in Christian’s argument that because he has asserted a claim for specific performance of his contract to purchase the property, the order dissolving the notice of lis pendens could jeopardize the rights of subsequent purchasers or encumbrancers, and could jeopardize his unrecorded claim to the property as against subsequent lienors. The supreme court stated in Chiusolo:
The relevant question is whether alienation of the property or the imposition of intervening liens, if either actually oc *806 curred, conceivably could disserve the purposes for which lis pendens exists. Where the answer is yes, fair nexus must be found.
Id. at 492 (footnote omitted). We therefore hold that Christian has established a fair nexus between his claim for specific performance and the ownership of the property. See Chiusolo; Acapulco.
We grant the petition and direct the trial court on remand to reinstate the lis pendens, subject to the posting of reasonable bond.
DELL, POLEN and STEVENSON, JJ., concur.