778 So.2d 336 (2000)
ARYEH TRADING, Petitioner,
v.
TRIMFAST GROUP, INC., Respondent.
No. 2D00-1259.
District Court of Appeal of Florida, Second District.
December 29, 2000.
Thomas G. Long, Tampa, for Petitioner.
Peter J. Hobson, Tampa, for Respondent.
PER CURIAM.
Aryeh Trading has filed a petition for writ of certiorari seeking to quash the decision of the circuit court dissolving a lis pendens filed by Aryeh Trading in connection with a lawsuit against Trimfast Group, Inc. The underlying suit is an action by Aryeh Trading with one count for specific performance of a stock purchase contract, and a second count to foreclose a lien on a piece of real estate owned by Trimfast. Aryeh Trading attached a copy of the contract and a letter amending the contract to its complaint. In the underlying case the *337 two parties took diametrically opposed views of how the contract provisions should be interpreted. In this opinion, this court does not address those issues. We merely conclude that the circuit court departed from the essential requirements of the law in dissolving the lis pendens because it was not founded on a recorded instrument. We accordingly grant the petition.
In Chiusolo v. Kennedy, 614 So.2d 491 (Fla.1993), petitioner filed a lis pendens in connection with a lawsuit seeking to impose a constructive trust on real property in which he claimed an interest due to putting up the purchase money on the property in exchange for stock. In the suit, petitioner alleged that he did not receive the stock as he was promised. In Chiusolo, the supreme court explained:
[W]e believe that the lis pendens cannot be dissolved if, in the evidentiary hearing on request for discharge, the proponent can establish a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit. To this end, the trial court need not determine whether there is any likelihood the property will be alienated or subjected to intervening liens during the pendency of the cause. The relevant question is whether alienation of the property or the imposition of intervening liens, if either actually occurred, conceivably could disserve the purposes for which lis pendens exists. Where the answer is yes, fair nexus must be found.
Id. at 493 (footnotes omitted). Further, the court explained:
Based on the policy outlined above, we do not agree that any greater proof is required of the proponent. We agree with the observation in Sparks, 568 So.2d at 517, that the statutory reference to injunctions exists merely to permit property holders to ask in an appropriate case that the plaintiff post a bond where needed to protect the former from irreparable harm. The bond requirement, whenever appropriate, is a vehicle for protecting the property holders just as the lis pendens protects the plaintiff and third parties.
Chiusolo, 614 So.2d at 493 (footnote omitted).
In determining whether there is a nexus between the property and the lawsuit, the court should not require a duly recorded instrument as a bright-line test. Instead, the court should review the complaint, the contract, and any other relevant evidence to determine if there is a fair nexus between the property and the dispute. For example, in Avalon Associates of Delaware Ltd. v. Avalon Park Associates Inc., 760 So.2d 1132 (Fla. 5th DCA 2000), a case based on a contract, the court found a fair nexus despite the fact that there was no duly recorded instrument. The court in Avalon indicated:
Under the agreement, the owner engaged the manager to act as the development manager for the property and to assist in the planning, designing, platting, permitting, development, construction and marketing of the property. Section 9 of the agreement provides for payment by the owner to the manager of management fees; i.e., a monthly fee and an incentive fee. Subsection (c) of the agreement additionally provides:
To the extent of any fee which is otherwise due and owing that remains unpaid, Manager shall have the right to file a lien against the Property to secure the payment of said fees owed, either as a contractor pursuant to Chapter 713, Florida Statutes, or based upon Owner's express authorization issued herein, pledging the Property as collateral for the promise of payment for all sums due herein.
Id. at 1134.
The complaint in Avalon set forth two countsbreach of contract and an action to foreclose a consensual lien. Avalon argued it had an absolute right to maintain a lis pendens against the real property owned by the partnership, without court direction or control. However, as explained by the court in Avalon, a duly *338 recorded instrument was necessary to maintain a lis pendens as of right, but section 48.23, Florida Statutes (1999), was designed to moderate and limit the effect of a common law lis pendens when not founded on a duly recorded instrument. In addition, the court in Avalon explained that when an equitable lien is sought, the requester must establish a sufficient nexus between the property and the dispute in the law suit pursuant to Chiusolo.
The court in Avalon held that under Chiusolo the contract at issue established a sufficient nexus between the property and the issues in the lawsuit to meet the standard to maintain a lis pendens. The court went on to explain that although not entitled to a lien of right, Avalon was entitled to maintain a lis pendens under the control of the trial court.
Based on these authorities, we conclude that the trial court's order in this case must be quashed because it erroneously presumed that the lis pendens would be valid only if founded on a recorded instrument. By this opinion, this court is not determining whether the contract at issue establishes a sufficient nexus between the property and the issues in the lawsuit to maintain the lis pendens. We are merely holding that the trial court departed from the essential requirements of the law in determining that Aryeh Trading had to duly record an instrument to maintain its lis pendens. On remand, the trial court should hold an evidentiary hearing and make a determination based on the facts in evidence whether Aryeh Trading can establish a nexus between the property and the lawsuit. See Chiusolo, 614 So.2d at 492.
Therefore, this court grants the petition for writ of certiorari, issues the writ, and quashes the order of the circuit court.
PARKER, A.C.J., and WHATLEY and SALCINES, JJ., concur.