WARNER, J.
Through its petition for writ of certiora-ri, petitioner Gaeta Limited Partnership # 1 (“Gaeta”) challenges an order of the circuit court denying its motion for discharge of a lis pendens. We grant the petition on the ground that the respondent has not shown a fair nexus between the apparent or legal title to the property and the dispute embodied in the lawsuit, a declaratory judgment action to construe terms of a lease. See generally Chiusolo v. Kennedy, 614 So.2d 491, 492 (Fla.1993).
Gaeta leased an office building to respondent Topline Printing & Graphics, Inc. *1048 (“Topline”). A provision in the lease agreement gave Topline an option to purchase the property with the price to be set at Gaeta’s cost of construction plus ten percent. Through its declaratory judgment action, Topline sought to declare what the “costs” included because, without a clarification, it could not exercise its option to purchase. It does not allege that it took the necessary contractual steps of delivering notice and the non-refundable deposit to Gaeta. Pursuant to the lawsuit, Topline filed a notice of lis pendens, which Gaeta moved to dissolve. The trial court denied the motion.
In Chiusolo, the court determined when a lis pendens not founded on a recorded instrument can remain pending. It stated:
One of several purposes underlying the doctrine of lis pendens is that, when a suit is filed that could affect title in property, some notice should be given to future purchasers or encumbrancers of that property. This serves the purposes of protecting those purchasers or en-cumbrancers from becoming embroiled in the dispute, and of protecting the plaintiff from intervening liens that could impair any property rights claimed and also from possible extinguishment of the plaintiffs unrecorded equitable lien....
... we believe that the lis pendens cannot be dissolved if, in the evidentiary hearing on request for discharge, the proponent can establish a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit. To this end, the trial court need not determine whether there is any likelihood the property will be alienated or subjected to intervening liens during the pendency of the cause. The relevant question is whether alienation of the property or the imposition of intervening liens, if either actually occurred, conceivably could disserve the purposes for which lis pendens exists. Where the answer is yes, fair nexus must be found.
Id. at 492 (footnotes and citation omitted) (emphasis added). In Chiusolo, the party filing the lis pendens had sued for a constructive trust on real property in which he claimed an interest. In the instant case, Topline has not sought to exercise its option to purchase through the lawsuit. It simply wants to determine the purchase price before it decides to exercise its option. The suit filed cannot “affect title in property.” It could only affect title if Top-line seeks to exercise its option.
We have found no case, nor has respondent cited any, where a lis pendens has been sustained when there has been no direct effect on the title of the property that is the subject of the underlying lawsuit. Most such cases involve the imposition of a constructive trust, see, e.g., id.; Acapulco Constr., Inc. v. Redavo zEstates, Inc., 645 So.2d 182 (Fla. 3d DCA 1994), or the exercise of a right of first refusal on property. See, e.g., Taylor v. Cesery, 717 So.2d 1112 (Fla. 1st DCA 1998).
The order denying the motion to dissolve is quashed with directions to enter an order dissolving the notice of lis pen-dens.
HAZOURI and MAY, JJ., concur.