KLEIN, J.
Petitioner seeks certiorari review of an order granting respondents’ motion to dissolve a lis pendens. We deny the petition.
Petitioner Patraka alleged that he and respondents Myron and Scott Orlinsky are shareholders of VSI. The claims relevant to the lis pendens are that the Orlinskys improperly transferred several million dollars of VSI’s funds to. themselves and then used the funds to purchase a home and a condominium. The trial court discharged the lis pendens on the home and the condominium after a non-evidentiary hearing, without prejudice to Patraka scheduling a hearing to establish a nexus to support reestablishment of the lis pendens.
'Patraka argues that discharging the lis pendens before conducting an evi-dentiary hearing is contrary to Chiusolo v. Kennedy, 614 So.2d 491 (Fla.1993) and is reviewable by certiorari. Gaeta L.P. # 1 v. Topline Printing & Graphics, Inc., 810 So.2d 1047 (Fla. 4th DCA 2002)(granting certiorari and quashing orders denying motion to dissolve lis pendens).
In Chiusolo, the Florida Supreme Court resolved conflicting decisions on who has the burden of proof at an evidentiary hearing on a motion to dissolve a lis pendens. The claim in Chiusolo was that the plaintiff had advanced funds which were to be used to purchase a piece of real estate to be • held by a corporation, but that the plaintiff had not been issued his stock in the corporation which acquired the property. Chiusolo is distinguishable from this case because in Chiusolo there was an identifiable piece of real estate in which the plaintiff was to have ■ an ownership interest through a corporation.
Petitioner’s claim is that the Orlinskys improperly withdrew from a corporation *158 money which Patraka, as a stockholder, wants returned. The real estate was never owned by the corporation or supposed to be acquired by it. Patraka has no interest in the home or condominium other than as a vehicle through which he will be able to satisfy judgments he seeks against the Orlinskys. He is, as the Orlinskys point out, attempting attachment before judgment.
Chiusolo does not require that there must always be an evidentiary hearing before discharge of a lis pendens. The purpose of the hearing is for the proponent of the lis pendens to “establish a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit.” Chiusolo, 614 So.2d at 492. Where, accepting the allegations of the complaint as true, there is no fair nexus, there is no need for an eviden-tiary hearing. The trial court did not, accordingly, depart from the essential requirements of law in dissolving the lis pen-dens.
STONE and HAZOURI, JJ„ concur.