920 So.2d 132 (2006)
Michael CRANNEY, Petitioner,
v.
Mary Lou CORONADO, Respondent.
No. 2D04-2609.
District Court of Appeal of Florida, Second District.
February 1, 2006.
Leonard J. Connors of Leonard J. Connors & Associates, Plant City, for Petitioner.
*133 Allison M. Perry of Law Office of Allison M. Perry, P.A., Tampa, for Respondent.
CANADY, Judge.
In this certiorari proceeding, Michael Cranney seeks review of two orders, one appointing a parental coordinator and the other mandating that Cranney meet with the coordinator in order to resolve visitation issues involving Cranney's children and Mary Lou Coronado, the maternal grandmother. Cranney argues that these orders violate his constitutional right to privacy. Cranney also challenges other aspects of the proceedings in the circuit court. Because the orders appointing a parental coordinator and requiring Cranney to meet with the coordinator violate Cranney's fundamental right to privacy, we quash those orders. On all other issues, we conclude that Cranney is not entitled to relief.

I. Background

After the death of Cranney's ex-wife in 2002, Cranney obtained custody of his two minor children. Subsequently, Cranney prohibited visitation or contact between the children and Coronado and sought an injunction for that purpose. Coronado then filed a counterpetition seeking termination of Cranney's parental rights and custody of the minor children, pursuant to chapters 39 and 751, Florida Statutes (2002).
After the court-appointed guardian ad litem testified there were no supporting facts warranting termination of parental rights, Cranney filed a motion for psychological and alcohol evaluation of Coronado. In turn, Coronado filed various motions, including a motion for appointment of an expert to evaluate Cranney. At the motions hearing, the guardian ad litem recommended appointment of a parental coordinator to assist in resolving the visitation dispute between the parties. After the court orally ruled that it agreed with the guardian ad litem's recommendation and that each party would be required to consult with a parental coordinator, Cranney's counsel objected by arguing Coronado did not have the same standing as Cranney in regard to the children. During that same hearing, Cranney made an oral motion to transfer the termination proceedings to juvenile court, but the court denied the request stating a written motion was required.
The trial court issued its order appointing a parental coordinator to make recommendations regarding visitation and to assist in implementing a contact schedule. In ruling on the cross-motions for evaluations, the trial court entered the order requiring Cranney and Coronado to meet with the parental coordinator.

II. Analysis

A. Certiorari Review

A certiorari petition must pass a three-prong test before an appellate court can grant relief from an erroneous interlocutory order. "A petitioner must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal."
Barker v. Barker, 909 So.2d 333, 336 (Fla. 2d DCA 2005) (quoting Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995)). The appellate court must conduct a jurisdictional analysis under the last two prongs before determining the merits of the petition. See id. "[W]here a party's constitutional rights may be abridged by the continuance of ... proceedings" relating to grandparent visitation, certiorari review should be granted. Belair v. Drew, 770 So.2d 1164, 1166 (Fla.2000).

*134 B. Grandparent Visitation

Although the trial court's orders did not expressly mandate visitation, the predicate for the orders is that the grandparents are entitled to visitation. The order appointing the parental coordinator states that the purpose for the coordinator is to "make recommendations relative to visitation of the children with the maternal grandparents" and to "[a]ssist the father and grandparents in implementing any plan or schedule so that the children can have consistent contact with the grandparents." The order further provides that "[e]ach party should direct any disagreements regarding the children to the parenting coordinator." The other order at issue requires Cranney "to consult with" the parenting coordinator "pursuant to the terms of" the order appointing the coordinator.
Various statutory provisions provide grandparents with visitation rights where granting such visitation would be in the child's best interest. See §§ 39.509 (relating to circumstances where the grandchild "has been adjudicated a dependent child and taken from the physical custody of the parent"); 61.13(2)(b)(2)(c) (relating to the award of custody and determination of visitation rights in dissolution proceedings); 752.01(1) (relating to circumstances where (a) the marriage of the parents has been dissolved; (b) a parent has deserted the child; or (c) the child was born out of wedlock); cf. § 61.13(7) (providing that "the court may recognize the grandparents as having the same standing as parents for evaluating what custody arrangements are in the best interest of the child" when "the child is actually residing with a grandparent in a stable relationship"), Fla. Stat. (2004).
The Florida Supreme Court has, however, "consistently held all statutes that have attempted to compel visitation or custody with a grandparent based solely on the best interest of the child standard ... to be unconstitutional." Sullivan v. Sapp, 866 So.2d 28, 37 (Fla.2004) (holding section 61.13(2)(b)(2)(c) facially unconstitutional); see Richardson v. Richardson, 766 So.2d 1036, 1043 (Fla.2000) (holding section 61.13(7) unconstitutional on its face); Saul v. Brunetti, 753 So.2d 26, 29 (Fla.2000) (holding facially unconstitutional provision of section 752.01(1) relating to visitation where child was born out of wedlock); Von Eiff v. Azicri, 720 So.2d 510, 517 (Fla.1998) (holding facially unconstitutional provision in 1993 version of section 752.01 which provided for visitation where one or both parents of a child were deceased); Beagle v. Beagle, 678 So.2d 1271, 1276 (Fla.1996) (holding facially unconstitutional provision in 1993 version of section 752.01 which provided for visitation where child was living with both natural parents). In Lonon v. Ferrell, 739 So.2d 650, 652 (Fla. 2d DCA 1999), we likewise held facially unconstitutional the provision of 752.01(1) authorizing grandparent visitation where the marriage of the child's parents had been dissolved.
These decisions are based on the fundamental right of parents to raise their children, which is grounded under Florida law in the right of privacy found in article I, section 23 of the Florida Constitution. See, e.g., Beagle, 678 So.2d at 1272. The fundamental right of parents can be overridden only if the state demonstrates that there is a compelling interest in doing so. See, e.g., id. In this context, such an interest can be demonstrated only by "the essential showing of harm to the child as a result of a lack of grandparent visitation." Sullivan, 866 So.2d at 36. When challenged, grandparents' rights statutes lacking a requirement for such a showing of harm have consistently been declared facially unconstitutional. See Sullivan, 866 So.2d at 37; Richardson, 766 So.2d at *135 1043; Saul, 753 So.2d at 29; Von Eiff, 720 So.2d at 517; Beagle, 678 So.2d at 1276; Lonon, 739 So.2d at 652.

C. The Violation of Cranney's Constitutional Rights

In the instant case, there is no facially constitutional statutory provision authorizing the granting of visitation to Coronado. As we recognized in Lonon, section 752.01(1)(a), which provides for grandparent visitation where "[t]he marriage of the parents of the child has been dissolved," suffers from the same defect as the other statutory provisions that have been declared facially unconstitutional. That is, it lacks a requirement for a showing that harm to the child will result from a denial of grandparent visitation. We also note that the trial court has made no finding that Cranney's children will suffer harm as a result of the absence of grandparent visitation and no evidence has been presented to support such a finding.
In these circumstances, the trial court's orders designed to facilitate grandparent visitation over Cranney's objection manifestly violate his fundamental right as a parent to raise his children. And Cranney should not be denied a meaningful and timely remedy for such a constitutional violation.
In Williams v. Spears, 719 So.2d 1236 (Fla. 1st DCA 1998), approved by Belair, 770 So.2d at 1167, the court considered whether certiorari review was available where a trial court had denied a motion for summary judgment which was based on a claim by parents that a statutory provision authorizing grandparent visitation was unconstitutional. The Williams court agreed with the claim of the parents "that their constitutional right to privacy is abridged by the very continuance of [the visitation] proceedings if ... that statute is unconstitutional as applied to them." 719 So.2d at 1238. If the litigation of the grandparent visitation claim were allowed to proceed under an unconstitutional statutory provision, "[t]he damage sought to be avoided by the parents would have already been done, that being an inquiry into their private decision-making process concerning the best interests of their child." Id. at 1239. The damage arising from such an unconstitutional inquiry could not be remedied on postjudgment appeal. Accordingly, certiorari relief was granted.
Similarly, in the instant case  in the absence of a constitutionally valid basis for an order concerning grandparent visitation  the trial court's orders appointing the parental coordinator and requiring Cranney to meet and consult with the coordinator concerning visitation subject Cranney to an unwarranted "inquiry into [his] private decision-making process concerning the best interests of [his] child[ren]." Id. His "right to privacy" is thus "violated by the continuation [of this aspect] of the proceedings below." Id. at 1242. The requirements for the showing of both a "departure from the essential requirements of law" and a "material injury... that cannot be corrected on postjudgment appeal" have been satisfied. See Parkway, 658 So.2d at 648.

III. Conclusion

We therefore grant the petition for certiorari and quash the trial court's orders regarding the parenting coordinator.
Petition granted; orders quashed.
SALCINES and DAVIS, JJ., Concur.