975 So.2d 479 (2007)
FLORIDA WEST REALTY PARTNERS, LLC, Petitioner,
v.
MDG LAKE TRAFFORD, LLC, Respondent.
No. 2D06-5808.
District Court of Appeal of Florida, Second District.
July 11, 2007.
Mark D. Hildreth of Abel Band, Chartered, Sarasota, for Petitioner.
Steven V. Blount of Woodward, Pires & Lombardo, P.A., Naples, for Respondent.
LAROSE, Judge.
Florida West Realty Partners, LLC (Florida West), petitions for certiorari review of the trial court's order denying its motion to extend a notice of lis pendens. We have jurisdiction. See Fla. R.App. P. 9.030(b)(2)(A), 9.100(c)(1); Loidl v. I & E Group, Inc., 927 So.2d 1016, 1018 (Fla. 2d DCA), review denied, 939 So.2d 93 (Fla. 2006). Florida West failed to show good cause for the extension. Therefore, we deny the petition.
In March 2005, Florida West contracted to buy real estate from MDG Lake Trafford, LLC (MDG). The sale did not close. In September 2005, Florida West sued *480 MDG for specific performance, breach of contract, and declaratory relief. Florida West also recorded a notice of lis pendens (hereafter, lis pendens) pursuant to section 48.23, Florida Statutes (2005). Subsequently, MDG sued Florida West for breach of contract and declaratory relief. The trial court consolidated the cases in July 2006.
In mid-August 2006, Florida West moved to extend the lis pendens:
No notice of lis pendens is effectual for any purpose beyond 1 year from the commencement of the action unless the relief sought is disclosed by the initial pleading to be founded on a duly recorded instrument or on a lien claimed under part I of chapter 713 against the property involved, except when the court extends the time on reasonable notice and for good cause. The court may impose such terms for the extension of time as justice requires.
§ 48.23(2). Pursuant to the parties' stipulation, the trial court granted a two-month extension of the lis pendens so it could conduct an evidentiary hearing on the motion. After a hearing in November 2006, the trial court concluded that Florida West had not established good cause for the extension, denied the motion to extend, and discharged the lis pendens.
To obtain certiorari relief, Florida West must demonstrate that the trial court's interlocutory order departs from the essential requirements of the law, and causes irreparable harm that cannot be corrected on direct appeal. See, e.g., Cranney v. Coronado, 920 So.2d 132, 133 (Fla. 2d DCA 2006); Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995).
With that standard in mind, we recognize that "[o]ne of several purposes underlying the doctrine of lis pendens is that, when a suit is filed that could affect title in property, some notice should be given to future purchasers or encumbrancers of that property." Chiusolo v. Kennedy, 614 So.2d 491, 492 (Fla.1993) (citing De Pass v. Chitty, 90 Fla. 77, 105 So. 148 (1925)). The salutary purpose of the lis pendens is to protect "those purchasers or encumbrancers from becoming embroiled in the dispute, and protecting the plaintiff from intervening liens that could impair any property rights claimed and also from possible extinguishment of the plaintiff's unrecorded equitable lien." Id.
In Chiusolo, the supreme court held that a lis pendens could not be dissolved if, "in the evidentiary hearing on request for discharge, the proponent [of the lis pendens] can establish a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit." 614 So.2d at 492; see also Aryeh Trading v. Trimfast Group, Inc., 778 So.2d 336, 337 (Fla. 2d DCA 2000); Lennar Fla. Holdings, Inc. v. First Family Bank, 660 So.2d 1122, 1124 (Fla. 5th DCA 1995). A fair nexus requires a showing of a "good faith, viable claim." See Martell v. Dubner, 885 So.2d 469, 471 (Fla. 4th DCA 2004). "[T]he trial court need not determine whether there is any likelihood the property will be alienated or subjected to intervening liens during the pendency of the cause. The relevant question is whether alienation of the property or the imposition of intervening liens . . . conceivably could disserve the purposes for which lis pendens exists." Chiusolo, 614 So.2d at 492.
Florida West urges us to apply Chiusolo's fair nexus test to its motion to extend a lis pendens. Florida West argues that the trial court departed from the essential requirements of the law by not deeming the fair nexus factor sufficient, by itself, to establish good cause. We cannot accept *481 Florida West's position. The statute requires more. Even if there is a fair nexus here, section 48.23(2) specifically imposes a good cause requirement that Florida West must satisfy.
The statute does not define good cause. The parties found no cases discussing this statutory requirement. Nevertheless, fair nexus does not necessarily equate to good cause. In the context of time extensions generally, State v. Boyd, 846 So.2d 458, 460 (Fla.2003) (citing Dohnal v. Syndicated Offices Sys., 529 So.2d 267, 269 (Fla. 1988)), offers guidance:
We defined good cause in [In re Estate of] Goldman, [79 So.2d 846 (Fla.1955) ], finding that it is "a substantial reason, one that affords a legal excuse, or a cause moving the court to its conclusion, not arbitrary or contrary to all the evidence, and not mere ignorance of law, hardship on petitioner, and reliance on [another's] advice." . . .
The determination of good cause is based on the peculiar facts and circumstances of each case. Obviously the trial court is in the best position to weigh the equities involved, and [its] exercise of discretion will be overruled only upon a showing of abuse.
See also Davis v. State, 887 So.2d 1286, 1289 (Fla.2004) (quoting same good cause definition in context of postconviction time extensions providing that matter is resolved in reasonable time); Dimick v. Estate of Barry, 787 So.2d 198, 201-202 (Fla. 4th DCA 2001) (applying same good cause definition in probate cause and finding that claimants made a sufficient showing of good cause).
Whether to extend a lis pendens is a matter left to the trial court's discretion. See § 48.23(3); Rodriguez v. Banco Indus. de Venez., C.A., 576 So.2d 870, 873 (Fla. 3d DCA 1991). Guided by Boyd, we cannot say that the trial court erred. During the fourteen months that the lis pendens was in place, Florida West, with insufficient explanation, did nothing to move its case along. It provided no good cause for an extension. See Marchand v. De Soto Mtg. Co., 149 So.2d 357, 359 (Fla. 2d DCA 1963) (stating that purpose of one-year limitation is to prevent restriction for unreasonable lengths of time on property subject to lis pendens).
The trial court neither abused its discretion nor departed from the essential requirements of law in denying the motion for an extension of lis pendens.
Petition denied.
FULMER and SILBERMAN, JJ., Concur.