PER CURIAM.
This petition for writ of certiorari concerns the trial court’s denial of a motion to extend, a lis pendens on property owned by Respondents. See § 48.23(2), Fla. Stat. (2013). The underlying lawsuit ensued after Petitioner loaned money to Respondents; the loan was secured by a mortgage on a number of Respondents’ properties. The problem, according to Petitioner, is that the closing agent improperly drafted the mortgage, such that the commercial property commonly referred to as 6001 Orange Blossom Trail, Intercession City, Florida (“Contested Property”), was not encumbered by the mortgage as the parties intended. In the underlying action, Petitioner seeks to reform the original documents and foreclose on the Contested Property or, alternatively, to establish and foreclose an equitable lien on the Contested Property. Finding that the trial court departed from the essential requirements of law causing material injury, we quash the denial order and remand with instructions that the trial court extend the lis pendens.
We have jurisdiction pursuant to rule 9.030(b)(2)(A) of the Florida Rules of Appellate Procedure, which permits jurisdiction to review certain non-final orders of lower tribunals. Certiorari is the appropriate vehicle to review an interlocutory order discharging a lis pendens.[1] Baghaffar v. Story, 515 So.2d 1373, 1373 n. 1 (Fla. 5th DCA 1987); see also Loidl v. I & E Grp., Inc., 927 So.2d 1016, 1017 (Fla. 2d DCA 2006); Eurohome DI Soleil, LLC v. Oaks Grp., Inc., 912 So.2d 1271 (Fla. 4th DCA 2005). To obtain certiorari relief from an erroneous interlocutory order, a petitioner must demonstrate that the order departs from, the essential requirements of law and causes irreparable harm that cannot be corrected on post-judgment appeal. *728 Tetrault v. Calkins, 79 So.3d 213, 215 (Fla. 2d DCA 2012).
The term “lis pendens” is defined as the jurisdiction, power, or control that courts acquire over property involved in a pending suit. Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 675 So.2d 915, 917 (Fla.1996). A notice of lis pen-dens serves two major purposes. First, a recorded lis pendens acts to warn future purchasers or encumbrancers that a suit is pending that could affect title in a given piece of property. Chiusolo v. Kennedy, 614 So.2d 491, 492 n. 1 (Fla.1993) (“[L]is pendens exists at least in part to prevent third-party purchasers from ‘buying’ a lawsuit when they purchase the property.”); see also Beefy King Int’l, Inc. v. Veigle, 464 F.2d 1102, 1104 (5th Cir.1972) (“The purpose of a lis pendens is to notify prospective purchasers and encumbrancers that any interest acquired by them in the property in litigation is subject to the decree of the court.”). This is because “[o]ne who purchases property subject to a lis pendens ‘is bound by the judgment or decree rendered against the party from whom he makes the purchases as much so as though he had been a party to the judgment or decree himself.’ ” U.S. Bank Nat’l Ass’n v. Quadomain Condo. Ass’n, 103 So.3d 977, 979 (Fla. 4th DCA 2012) (quoting Greenwald v. Graham, 100 Fla. 818, 130 So. 608, 611 (1930)). Second, the filing of a lis pendens is designed to protect a plaintiff from intervening liens that could impair or extinguish that plaintiffs claimed property rights. Chiusolo, 614 So.2d at 492; Loidl, 927 So.2d at 1017 (“The notice is ... a cloud on the title that creates a priority for the party that filed the lis pendens if that party prevails in the pending litigation.”). In short, “a lis pen-dens exists as much to warn third parties as to protect the plaintiff.” Chiusolo, 614 So.2d at 492.
“A court must dissolve a lis pen-dens that is based on an unrecorded document unless the proponent ‘establish[es] a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit.’ ” Conseco Servs., LLC v. Cuneo, 904 So.2d 438, 439 (Fla. 3d DCA 2005) (quoting Chiusolo, 614 So.2d at 492). The proponent need not demonstrate a substantial likelihood of success on the merits, see 614 So.2d at 492, but need only demonstrate a “good faith, viable claim,” Nu-Vision, LLC v. Corporate Convenience, Inc., 965 So.2d 232, 234 (Fla. 5th DCA 2007) (quoting Acapulco Constr., Inc. v. Redavo Estates, Inc., 645 So.2d 182, 183 (Fla. 3d DCA 1994)). If alienation of the property or the imposition of intervening liens conceivably could disserve the purposes for which lis pendens exists, a fair nexus must be found. Chiusolo, 614 So.2d at 492. Here, Petitioner presented substantial evidence that would support either reformation of the mortgage documents to include the Contested Property, or an equitable lien on the Contested Property- — -unquestionably meeting the fair nexus requirement. Cf. Avalon Assocs. of Delaware Ltd. v. Avalon Park Assocs., Inc., 760 So.2d 1132 (Fla. 5th DCA 2000); Lakeview Townhomes at Cal. Club, Inc. v. Lakeview of Cal. Club Homeowners Ass’n, Inc., 579 So.2d 290, 291 (Fla. 3d DCA 1991).
In addition, section 48.23(2), Florida Statutes (2013) imposes a «good cause requirement for extending a lis pendens. “Good cause” has been defined as:
A substantial reason, one that affords a legal excuse, or a cause moving the court to its conclusion, not arbitrary or contrary to all the evidence, and not mere ignorance of law, hardship on petitioner, and reliance on [another’s] advice .... The determination of good cause is based on the peculiar facts and *729 circumstances of each case. Obviously the trial court is in the best position to weigh the equities involved, and [its] exercise of discretion will be overruled only upon a showing of abuse.
Fla. W. Realty Partners, LLC v. MDG Lake Trafford, LLC, 975 So.2d 479, 481 (Fla. 2d DCA 2007) (quoting State v. Boyd, 846 So.2d 458, 460 (Fla.2003)). In this case, however, the trial court failed to make any findings relating to the good cause requirement, and instead simply issued an unelaborated denial. It is undisputed that Petitioner has actively litigated the underlying ease and sought a timely resolution. It has propounded and responded to numerous discovery requests, moved for summary judgment and noticed its motion for hearing, and even opposed a continuance of the summary judgment hearing (sought by Respondents).
Therefore, the lis pendens should be extended to protect Petitioner’s interest from being impaired or wholly extinguished. See Taylor v. Steckel, 944 So.2d 494, 497-98 (Fla. 3d DCA 2006) (affirming the order granting the motion to extend the lis pen-dens as “Steckel’s interest in the property was the same as it was on the day the action commenced. Thus, the necessity of protecting Steckel’s interests, putting third parties on notice of Steckel’s pending claims, and preserving the court’s authority to deal with the property remained unchanged and justified an extension.”). The Contested Property is central to the underlying dispute and,. having established good cause, Petitioner is entitled to extend the lis pendens to protect not only itself but also to warn third parties of the current suit involving title to the Contested Property. The trial court’s failure to extend the lis pendens under these circumstances constituted a departure from the essential requirements of law. See Martell v. Dubner, 885 So.2d 469, 470 (Fla. 4th DCA 2004) (granting certiorari relief as the petitioner “alleged matters sufficient to establish a constructive trust in the property .... Whether she will prevail at trial on the merits is not the issue. If Dubner were to sell the property prior to the hearing on the merits of the case, then the purpose for which the lis pendens exists would be thwarted.”); Baghaffar, 515 So.2d at 1374 (“Since the complaint filed by petitioners states a valid cause of action affecting the property in question, the trial court should have continued the lis pen-dens conditioned upon the filing of a bond by petitioners in an amount sufficient to protect respondents against any damages resulting from its wrongful continuance. The discharge of the lis pendens under these circumstances was a departure from the essential requirements of law, and therefore the petition for writ of certiorari is granted.”). The trial court’s ruling effectively eviscerated Petitioner’s lien priority, causing irreparable harm that cannot be remedied on appeal. As such, we quash the denial order and remand with directions that the trial court reinstate Petitioner’s lis pendens on the Contested Property. On remand, the trial court may consider whether a bond is required. See Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 675 So.2d 915, 917 (Fla.1996) (“Since the wrongful filing of a notice of lis pendens can be damaging, courts have interpreted the statutory reference to injunctions in section 48.23(3), Florida Statutes, to mean that a bond may be required.... [T]he decision of whether a lis-pendens bond should be posted rests within the discretion of the trial judge.”).
CERTIORARI GRANTED; ORDER QUASHED; REMANDED WITH DIRECTIONS.
TORPY, C.J., PALMER and LAWSON, JJ., concur.

. The Third District Court of Appeal, however, has held that such orders are more appropriately reviewed by interlocutory appeal, as they are akin to orders on injunctions. See Golden Shores Props., LLC. v. Santopietro, 792 So.2d 644, 645 (Fla. 3d DCA 2001); Munilla v. Espinosa, 533 So.2d 895, 895 n. 1 (Fla. 3d DCA 1988).