# Third District Court of Appeal

## State of Florida

Opinion filed July 20, 2016.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D16-529
Lower Tribunal No. 15-18141

————————————

## Regents Park Investments, LLC,
Appellant,

vs.

## Bankers Lending Services, Inc.,
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Arnaldo Velez, P.A. and Arnaldo Velez, for appellant.

Garbett, Allen & Roza, P.A. and David S. Garbett and B. Elizabeth Interthal, for appellee.

Before SUAREZ, C.J., and WELLS and SALTER, JJ.

SUAREZ, C.J.

Appellant Regents Park Investments, LLC ("Regents") appeals an Order discharging a lis pendens which it recorded on certain parcels of real property in connection with its suit for specific performance. We reverse.

Regents was the buyer and Appellee Bankers Lending Services, Inc. ("Bankers") was the seller in a contract for five parcels of land in Miami-Dade County. The sales contract was amended with eight addenda. Addendum Number 2 contained an agreement that any liens and claims would not render the title unmarketable or preclude closing and that instead the parties could escrow funds from the proceeds pending release of the liens. Paragraph 7 of Addendum Number 8 provided the option to escrow $50,000 at closing until resolution of the liens. Paragraph 7 also required the escrow agreement to be acceptable to Old Republic National Title Insurance Co., Regents' title insurer. The Old Republic National Title Insurance Company Commitment required lot clearing liens to be released, but did not provide for escrow in lieu of the release of those liens.

It is undisputed that the properties in question were encumbered with lot clearing liens in favor of the City of Miami. Bankers attempted to obtain release of the existing lot clearing liens by way of a suit against the lienholders. Bankers eventually entered into a settlement agreement with the lienholders under which it paid an agreed amount for release of the liens. The parties to that action also agreed to a joint stipulation and proposed order for release of the liens. The joint stipulation and proposed order were submitted to the court for approval and signature, but, as of the date of the closing, the stipulation had not been approved and the final order had not been signed by the trial court.

2

In light of the fact that the order was unsigned and the lot clearing liens were, therefore, still in place, Bankers was willing to have $50,000 of the purchase price placed into escrow at the closing and communicated that willingness to Regents. Bankers also attempted to establish a time for the closing of the sale. However, Old Republic Insurance Company was unwilling to agree to the escrow arrangement in lieu of release of the liens, so Regents did not proceed with the closing. After the date for closing lapsed, Bankers sent Regents a notice stating that it had been ready willing and able to close on the closing date and that Regents, as buyer, had failed to close.

Shortly thereafter, Regents filed the present suit for specific performance and recorded the lis pendens at issue here. After discovery was undertaken, Bankers moved to discharge the lis pendens. After hearing on the motion, the trial court granted the motion for discharge. In its oral ruling the trial court stated that the correct standard for the trial court to use was "….the one that's articulated in the Golden Shores[1] case []. Under the circumstances, there's a colorable case

_____

[1] In Golden Shores Properties, LLC. v. Santopietro, 792 So. 2d 644 (Fla. 3d DCA 2001), this Court cited the language of Florida Statute Section 48.23(3) which states that when an action is not founded on a duly recorded instrument "the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions." Relying on that language this Court stated that that at a hearing on the motion to dissolve, "the party seeking the injunction [] has the burden of establishing a prima facie case to support the injunctive relief." Golden Shores, 792 So. 2d at 645.

With respect to the statutory language, the Florida supreme court stated in Chiusolo v. Kennedy, 614 So. 2d 491 (Fla. 1993):

[T]he statutory reference to injunctions exists merely to

certainly, but I don't think clear and convincing evidence has been presented to the court sufficient to overcome the motion to discharge or dissolve the lis pendens." The trial court then dissolved the lis pendens. Regents argues, and we agree, that clear and convincing was not the proper standard for the trial court to use. However, the proper standard of proof is not entirely obvious under existing case law. Therefore, we must first examine what is the proper standard.

As stated in Chiusolo v. Kennedy, 614 So. 2d 491 (Fla. 1993), a "lis pendens cannot be dissolved if, in the evidentiary hearing on request for discharge, the proponent can establish a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit. . . . The relevant question is whether alienation of the property or the imposition of intervening liens, if either actually occurred, conceivably could disserve the purpose for which lis pendens exists." Id. at 492.

The question in this case is how that "fair nexus" can be shown and what burden of proof the proponent of the lis pendens bears. On this issue the court in Chiusolo stated only that "the quantum of proof necessary" was not "as severe" as the substantial likelihood on the merits standard which had been imposed by the

permit property holders to ask in an appropriate case that the plaintiff post a bond where needed to protect the former from irreparable harm.

Id. at 493. That language clarifies that the burden of proof is not actually clear and convincing evidence, as indicated by the trial court.

Fifth Circuit in its ruling. Id. at n. 2. In addition, in Acapulco Construction, Inc. v. Redavo Estates, Inc., 645 So. 2d 182 (Fla. 3d DCA 1994) this Court held that the burden was not "the greater weight of the evidence." See also Christian v. Sanderhoff, 731 So. 2d 804, 805 (Fla. 4th DCA 1999).

In Nu-Vision, LLC v. Corporate Convenience, Inc., 965 So. 2d 232 (Fla. 5th DCA 2007) the Court addressed a claim in which a tenant/proponent of a lis pendens sought review of an order granting discharge where it claimed to have an option to purchase the real property which was the subject of its lease and of an eviction action against it. In upholding the discharge order, the Court there stated:

> [E]stablishing a 'fair nexus' between a claim in litigation and the property's title requires a little more than simply pleading a theoretical nexus.
>
> To establish a fair nexus requires the showing of a good faith, viable claim. In this case, [tenant] cannot make that showing because the December 16, 2004 letter cannot support an action for specific performance as a matter of law.
>
> * * *
>
> [W]ith respect to the specific performance count, we find that the complaint fails to state a cause of action, and could not therefore support a finding of a 'fair nexus' as a matter of law.
>
> * * *
>
> In our view, [] Chiusolo simply left unanswered the question as to the quantum of proof required of a lis pendens proponent to succeed in defending against a motion to dissolve the lis pendens. The Court stated only that 'the burden of proof rests on the proponent' and that the 'quantum of proof is not as severe as' the substantial

5

likelihood of success on the merits standard necessary to maintain a temporary injunction under Florida law. The Court would not have needed to place the burden of proof on either party if there was nothing to prove – which would be the case if any allegation in a pleading that states a theoretical connection to the title in real property was sufficient to maintain a lis pendens throughout the litigation.

In our view, it would also be contrary to sound public policy to allow a lis pendens proponent to tie up real property belonging to another person when the proponent cannot even make a minimal showing that there is at least some basis for the underlying claim. And requiring the proponent to show that he or she has a good faith basis to allege facts supporting a claim and that the facts alleged would at least state a viable claim, if true, is completely consistent with Chiusolo. . . .

For these reasons, we have elected to follow the definition of 'fair nexus' adopted by the Third and Fourth Districts after Chiusolo, which requires the proponent to demonstrate a good faith, viable claim.

Id. at 234-236.

Citing similar language Bankers argues that because the proponent of a lis pendens must make an evidentiary showing of "a good faith, viable claim" Regents was required to establish that its claim for specific performance was "viable" -- i.e. that it could establish all the necessary elements of that claim – at the hearing on the motion for discharge. We think Bankers goes too far because such a standard would have required Regents to fully prove its underlying claim in a preliminary "mini trial."

6

As this Court stated in <u>Invego Auto Parts, Inc. v. Rodriguez</u>, 34 So. 3d 103, 105 (Fla. 3d DCA 2010):

> In order to invoke the remedy of specific performance, . . . . the plaintiff must prove that 'as a condition precedent to specific performance it either paid the contract sum; tendered it; was ready willing and able to do so; or was excused from so doing.' [internal citations omitted]

In the case below, the parties disagree about whether Regents can satisfy any one of the four alternative means of proving the condition precedent. Bankers alleges that Regents cannot prove any of the alternatives and Regents argues that the evidence will show (once fully developed and once the matter is ripe for trial) that it was either ready, willing and able to close or that it was excused from doing so.

As this case demonstrates, it is impracticable to require a proponent of a lis pendens to fully prove each element of its claim in an evidentiary hearing where the case has not been noticed for trial and the parties may not even have completed discovery. Consequently, we agree with the Court in <u>Nu-Vision</u>, that to establish a "fair nexus" between the plaintiff's claim and the property or properties subject to a lis pendens by way of a "good faith, viable claim," the proponent of the lis pendens must make "a minimal showing that there is at least some basis for the underlying claim [a]nd … show that he or she has a good faith basis to allege facts supporting a claim and that the facts alleged would at least state a viable claim." <u>Nu-Vision</u>, 965 So. 2d at 236.

This is essentially the standard applied in Eurohome di Soleil, LLC v. The Oaks Group, Inc., 912 So. 2d 1271 (Fla. 4th DCA 2005), where the parties disagreed about the timing of a deposit due under the contract. In finding that the lis pendens was proper, the court there stated:

> [a]lthough it may turn out that the parties intended that the second deposit was to be made in five days, the contract fails to specify when the second deposit is to be delivered. The court accordingly erred in dissolving the lis pendens on the ground that the buyer was in default, at this stage of the proceeding.

Id. at 1272. Other cases in which that minimal burden has been established include Von Mitschke-Collande v. Kramer, 869 So. 2d 1246 (Fla. 3d DCA 2004), where heirs showed that funds acquired through a breach of trust were used to purchase the property at issue and so demonstrated a potential constructive trust in the specified property, and J.B.J. Investment of South Florida, Inc. v. Maslanka, 163 So. 3d 726, 728 (Fla. 5th DCA 2015), where the proponent of the lis pendens presented "substantial evidence" which demonstrated that the subject property was intended to be included in a mortgage or that it was entitled to an equitable lien on the property.

There are many cases in which the proponent of the lis pendens has been found unable to meet even the minimal burden described in Nu-Vision. For example, in Blue Star Palms, LLC v. LED Trust, LLC, 128 So. 3d 36 (Fla. 3d DCA 2012) the court declined to enforce the lis pendens because the claims

8

alleged were against a subsidiary corporation and not the condominiums subject to the lis pendens. As the court there stated:

> A complaint which will not support a claim against the specific property at issue cannot provide a basis for tying it up by a filing of notice of lis pendens. … When a plaintiff can be afforded complete relief on a claim without reference to the title to the real property, a lis pendens cannot be maintained. Under the Florida cases a lis pendens is proper only when the required relief might specifically affect the property in question. [internal citations and quotations omitted].

Id. at 38-39. See also, Nobe Bay Holdings, LLC v. Garcia, 140 So. 3d 693 (Fla. 3d DCA 2014) (holding the claim was unprovable because the plaintiff had agreed to limit his claim to money damages); India America Trading Co. v. White, 896 So. 2d 859 (Fla. 3d DCA 2005) (finding claim for specific performance was unprovable because it was based on an oral contract which was unenforceable under the statute of frauds).

Applying the standard of a minimal showing that there is at least some basis for the underlying claim and a good faith basis to allege facts that would at least state a viable claim, we conclude that Regents met that standard. Regents' showing that its claims arose out of a written contract for sale of the subject properties established a "fair nexus" to the properties and its Interrogatory answers swearing that it was ready, willing and able to close on the closing date, together with evidence that Bankers was not able to close because of the outstanding lot clearing liens against the property,

9

provided a sufficient minimal basis to support either a claim that Regents could have performed or that its performance was excused. Consequently, we find that the trial court should not have discharged the lis pendens and reverse with instructions that it be reinstated. We add that this opinion concerns solely the issue of the discharge of the lis pendens. We do not address, nor should it be inferred that we have reached any conclusion about, Regents' ultimate ability to sustain its claim for specific performance. These are two entirely different issues.

Reversed and remanded with instructions to reinstate the lis pendens.