645 So.2d 182 (1994)
ACAPULCO CONSTRUCTION, INC., a Florida corporation, and Jose Javier Mendoza, individually and as President of Acapulco Construction, Inc., Appellants,
v.
REDAVO ESTATES, INC., a Florida corporation, and Steven V. Cappiello, Appellees.
No. 94-1889.
District Court of Appeal of Florida, Third District.
November 23, 1994.
*183 Gonzalo R. Dorta, Miami, for appellants.
Akerman Senterfitt & Eidson and David M. Rogero, Miami, for appellees.
Before HUBBART, COPE and GREEN, JJ.
PER CURIAM.
This is a petition for a writ of certiorari filed by the plaintiffs Acapulco Construction, Inc. and Jose Javier Mendoza, seeking review of an order which granted the defendants Redavo Estates, Inc. and Steven V. Cappiello's motion to discharge the plaintiffs' notice of lis pendens. We treat this petition as an appeal from a non-final order dissolving an injunction under Fla.R.App.P. 9.130(a)(3)(B). Roger Homes Corp. v. Persant Constr. Co., 637 So.2d 5, 5 n. 1 (Fla. 3d DCA 1994); Munilla v. Espinosa, 533 So.2d 895, 895 n. 1 (Fla. 3d DCA 1988).
We reverse the order dissolving the plaintiffs' notice of lis pendens based on a holding that the plaintiffs established below a fair nexus between (1) the apparent legal or equitable ownership of the property on which the notice of lis pendens was filed, and (2) the dispute embodied in the instant lawsuit, thereby entitling them to file the instant notice of lis pendens. We reach this result because any subsequent alienation of the subject property or the imposition of intervening liens thereon could conceivably disserve the purposes for which the lis pendens exists. The plaintiffs seek in the lawsuit below, inter alia, to impose a constructive trust on the subject property, which suit is a good faith, viable claim calling into question the apparent legal or equitable ownership of the subject property. The twofold purpose of a lis pendens is (1) to protect subsequent purchasers or encumbrancers of the subject property from becoming embroiled in the pending dispute over the property, and (2) to protect the plaintiff from intervening liens that could impair any property rights claims and also from possible extinguishment of the plaintiff's unrecorded equitable claim. Given the instant lawsuit's challenge to the legal or equitable ownership of the subject property, dissolving the lis pendens on the subject property could conceivably (1) jeopardize the rights of subsequent purchasers or encumbrancers by drawing them into the instant dispute, and (2) jeopardize the viability of the plaintiffs' unrecorded equitable claim as against subsequent intervening liens on the property. This being so, it is clear that the lis pendens should not have been dissolved. Chiusolo v. Kennedy, 614 So.2d 491 (Fla. 1993).
The central argument advanced by the defendants to avoid this result is that the plaintiffs failed to establish a viable constructive trust claim or any other claim against the subject property. We disagree. Clearly, it was not the plaintiffs' burden to establish their constructive trust claim by the greater weight of the evidence, but only to establish a "fair nexus" between the apparent legal or equitable ownership of the subject property and the dispute involved in the instant lawsuit. This requires, we believe, an evidentiary showing of only a good faith, viable claim  which has been made, in our view, by *184 the plaintiffs below. Nor do we agree with the argument, apparently accepted by the trial court, that the plaintiffs were not entitled to a lis pendens because they held no legal title to the subject property; clearly, a lis pendens can be maintained against property by one, who, as here, has a viable equitable ownership claim in the property. Chiusolo.
The order discharging the plaintiffs' lis pendens is reversed and the cause is remanded to the trial court with directions to reinstate the plaintiffs' lis pendens on the property subject to the posting of a reasonable bond.
Reversed and remanded.