657 So.2d 962 (1995)
Velva DEWACHTER, Appellant/Cross-Appellee,
v.
Michaela G. SCOTT, M.D., Appellee/Cross-Appellant.
No. 94-1007.
District Court of Appeal of Florida, Fourth District.
July 19, 1995.
Wayne L. Allen, Melbourne, for appellant/cross-appellee.
Kevin S. Doty of Moss, Henderson, Van Gaasbeck, Blanton & Koval, P.A., and Sherman N. Smith, III, of Smith & Smith, Vero Beach, for appellee/cross-appellant.
POLEN, Judge.
Velva Dewachter appeals from a summary final judgment entered against her in an action against her former employer, Dr. Michaela Scott, for fraud in inducing her into entering an oral contract for lifetime employment. We affirm. With regard to Dr. Scott's cross-appeal, we reverse the denial of costs but affirm the denial of attorney's fees.
In her second amended complaint, Dewachter alleged that Dr. Scott induced her to leave her secure full time employment at Indian River Hospital by orally promising her lifetime employment or employment until she reached the age of sixty-five (65). Dewachter claimed Dr. Scott fraudulently inducing her to join her staff by failing to disclose that Dr. Scott terminated new employees who met with disapproval from other employees. Rather, Dewachter contends that Dr. Scott told her that any complaints would be referred to Scott for resolution. We believe that the trial court correctly granted summary final judgment for the defendant, based on these allegations because an oral contract for lifetime employment is terminable at will. See Smith v. Piezo Technology and Professional Administrators, 427 So.2d 182 (Fla. 1983); Maguire v. American Family Life Assurance Company of Columbus, Georgia, 442 So.2d 321 (Fla. 3d DCA 1983) (without an employment contract specifically obligating both employer and employee for definite term of employment, employment is considered to be indefinite and terminable at will of either party; no action may be maintained for breach of contract under those circumstances). Even though Dewachter couched her complaint as fraud in the inducement rather than breach of contract, we believe her claim is still barred as it attempts to circumvent the bar to a breach of *963 contract action based on an oral contract terminable at will. Since the parties clearly cannot be restored to the status quo that existed before the alleged contract, as might be sought in an action based on fraud in the inducement, the measure of damages Dewachter sought here would be the same as breach of contract damages. See Canell v. Arcola Housing Corp., 65 So.2d 849 (Fla. 1953) (court stated that where a contract is within the statute of frauds and unenforceable, action for damages cannot be maintained on ground of fraud in refusing to perform contract, recognizing that the plaintiff's action for fraud and deceit was simply an attempt to obtain damages for breach of contract). Thus, we hold the trial court correctly granted summary final judgement in Dr. Scott's favor.
We also agree with Dr. Scott's argument on cross-appeal that as the prevailing party she is entitled to recover court costs. See Governing Board of St. Johns River Management Dist. v. The Lake Pickett, Ltd., 543 So.2d 883, 884 (Fla. 5th DCA 1989) (every party who recovers a judgment in a legal proceeding is entitled as a matter of right to recover lawful court costs). Accordingly, we reverse the trial court's denial of court costs to Dr. Scott. We do, however, affirm the trial court's denial of attorney's fees pursuant to section 57.105, Florida Statutes (1993).
WARNER and STEVENSON, JJ., concur.