NESBITT, Judge.
We reverse the order which dissolved a notice of lis pendens and dismissed certain counts of husband’s complaint for dissolution. After a thirty-year marriage, husband filed for dissolution of marriage and requested equitable distribution of the marital assets under section 61.075, Florida Statutes (1995), including the marital home which the husband had quit-claimed to the wife several months before filing his action for dissolution. Based on the earlier transfer, the trial judge dismissed the counts of the husband’s complaint which made a claim for equitable distribution of that asset. That ruling was erroneous.
The property, which neither party disputes was marital property transferred to the wife during the marriage, was a marital asset as defined by section 61.075(5)(a), Florida Statutes (1995). Whether the husband gifted his interest in the home to the wife as the result of an informal settlement agreement, as the wife maintained, or the home was a marital asset transferred with the understanding that the proceeds from the home’s sale would be shared by the spouses, as argued by the husband, because the transfer took place during the marriage, under the instant facts, the home would be characterized as a marital asset under section 61.075(5)(a). See Holmes v. Holmes, 613 So.2d 514 (Fla. 3d DCA1993). Furthermore, the court erred in concluding the lis pendens on the property should be ordered dissolved. *184 Acapulco Constr., Inc. v. Redavo Estates, Inc., 645 So.2d 182 (Fla. 3d DCA 1994) (Lis pendens should not be dissolved if proponent can establish fair nexus between apparent legal or equitable ownership of property and dispute embodied in lawsuit.).
We treat the instant appeal of the order dissolving the lis pendens as an appeal of a non-final order. Roger Homes Corp. v. Persant Constr., Co., 637 So.2d 5 (Fla. 3d DCA 1994). Additionally, while ordinarily we would not review matters collateral to the lis pendens, Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987), reinstating the dismissed paragraphs of the complaint is what establishes the claim which makes the lis pendens proper. The intertwined nature of the dismissed paragraphs and the order dissolving the lis pendens dictates we review both issues at this time.
Accordingly, the order under review is reversed and the cause remanded.