885 So.2d 469 (2004)
Sera MARTELL, Petitioner,
v.
Ronald N. DUBNER, Respondent.
No. 4D04-1467.
District Court of Appeal of Florida, Fourth District.
October 27, 2004.
*470 Karen Coolman Amlong of Amlong & Amlong, P.A., Fort Lauderdale, for petitioner.
Daniel M. Lands of Lands & Malinger, P.A., Boca Raton, for respondent.
WARNER, J.
Petitioner, Sera Martell, seeks a writ of certiorari to quash an order dissolving a lis pendens. In her complaint, Martell is seeking a constructive trust on investment property titled in the name of her ex-boyfriend, respondent Ron Dubner, but in which she invested money. Martell alleged that she invested in the property based on Dubner's promise that she was a partner in the property. Because the complaint and the evidentiary hearing show a "fair nexus" between the property and her cause of action, the court departed from the essential requirements of law in dissolving the lis pendens.
Martell filed suit for a constructive trust and for money damages when Dubner obtained a contract to sell the property. The complaint alleged that she contributed $25,000 to the purchase of the property that was acquired by Dubner and his law partner. She alleged that Dubner promised that she would be a co-owner of his half interest. The complaint alleges further contributions to the property, including obtaining a mortgage to buy out the law partner and the payment of various expenses on the property. Together with the complaint, Martell filed a notice of lis pendens.
Dubner moved to dissolve the lis pendens, and the trial court held a hearing. At the hearing, Martell clarified that she did not pay the $25,000 directly to purchase the investment property. Instead, she loaned Dubner the money to buy his ex-wife's interest in their home. When Dubner was contemplating purchasing the investment property, he told her that he would make her a half partner on the property instead of paying her back the $25,000. Martell introduced a ledger of her trust account showing that between 1991 and 2001, she made some payments on the mortgages on the property and for some repairs and maintenance. She continued to put money into the property, relying on his agreement that she was a co-owner. However, there was nothing in writing showing that she had ownership.
Martell also presented the testimony of a real estate agent she contacted about swapping the investment property with property listed by the agent. When her name did not appear on the property title, the real estate agent called Dubner who told him that Martell and he were partners on the property.
Dubner testified that he did not remember speaking to the real estate agent and denied ever saying that Martell owned an interest in the property. He said Martell never gave him any money towards the purchase price or for maintenance. He also said that he paid Martell back the $25,000 he borrowed to pay off his ex-wife's interest in their home. After the presentation of evidence, the trial court *471 ruled that Martell did not meet her burden of proof and dissolved the lis pendens.
To support a lis pendens, the plaintiff is not required to show a substantial likelihood of success on the merits, only that there is a "fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit." Chiusolo v. Kennedy, 614 So.2d 491, 492 (Fla.1993) (footnote omitted). "The relevant question is whether alienation of the property or the imposition of intervening liens, if either actually occurred, conceivably could disserve the purposes for which lis pendens exists. Where the answer is yes, fair nexus must be found." Id. (footnote omitted).
To establish a fair nexus requires a showing of a "good faith, viable claim." Acapulco Constr., Inc. v. Redavo Estates, Inc., 645 So.2d 182, 183 (Fla. 3d DCA 1994). A proponent is not required to actually prove its constructive trust claim at the motion to dissolve the lis pendens. See Von Mitschke-Collande v. Kramer, 869 So.2d 1246, 1251 (Fla. 3d DCA 2004).
Here, Martell not only alleged matters sufficient to establish a constructive trust in the property, see Dietrich v. Winters, 798 So.2d 864 (Fla. 4th DCA 2001), but she also offered proof. Whether she will prevail at trial on the merits is not the issue. If Dubner were to sell the property prior to the hearing on the merits of the case, then the purpose for which the lis pendens exists would be thwarted. Therefore, the requirements of Chiusolo have been met.
We grant the petition, quash the order, and remand for reinstatement of the lis pendens. On remand, the trial court may consider whether a bond is required. See Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 675 So.2d 915 (Fla.1996).
FARMER, C.J., and GUNTHER J., concur.