896 So.2d 859 (2005)
INDIA AMERICA TRADING CO., INC., a Florida corporation, Appellant,
v.
Wesley WHITE, individually, Appellee.
No. 3D04-1869.
District Court of Appeal of Florida, Third District.
February 23, 2005.
Bailey & Dawes, L.C., and Guy B. Bailey, Jr., for appellant.
Richman Greer Weil Brumbaugh Mirabito & Christensen, P.A. and Mark A. Romance, Miami, for appellee.
Before SHEPHERD, CORTINAS, and ROTHENBERG, JJ.
ROTHENBERG, J.
The plaintiff, India America Trading Co., Inc. (India America), appeals an order dissolving a notice of lis pendens. We affirm.
India America executed a written offer to purchase 120 acres of real property from Wesley White, Trustee (White). The written offer provided in part: "Buyer offers to purchase the Property on the above terms and conditions. Unless this Contract is signed by Seller and a copy delivered to Buyer no later than 1/22/04, this offer will be revoked and Buyer's deposit refunded subject to clearance of funds." It is undisputed that White never executed this offer.
When White refused to sell the real property to India America, India America filed suit against White. Count I of the complaint alleges that White breached an oral contract to sell the real property to India America. Count II is a claim for fraud wherein India America alleges that White represented to India America that he would sell the real property for a certain *860 price; that White knew that these representations were false; that the misrepresentations were material; that White intended for India America to rely on these misrepresentations; that India America relied on the misrepresentations; that these misrepresentations were made in order to induce India America into executing a written offer which White would then use to solicit higher offers from prospective buyers; and that as a result of these misrepresentations, India America suffered monetary damages. Further, in Count III, India America sought specific performance and, in Count IV, India America alleged that White violated Florida's civil RICO statute. In connection with this suit, India America filed a notice of lis pendens. The trial court has entered an order dismissing the specific performance and RICO counts, thereby leaving only the breach of contract and fraud counts pending.
White filed an emergency motion to dissolve the notice of lis pendens arguing that because India America's claims were founded on an oral contract for the sale of real property, its claims could not support a lis pendens based upon the statute of frauds.
Following a hearing, the trial court granted White's motion to dissolve the notice of lis pendens, finding that "[t]he written offer was never accepted by the defendants and by its own operative terms expired on January 22, 2004. That being the case, even if the Court accepts the allegations of the complaint as true, it cannot establish a fair nexus between this tenuous, at best, right to the property and the dispute embodied in the lawsuit."
In this non-final appeal, India America contends that the trial court abused its discretion by granting the motion to dissolve the notice of lis pendens. We do not agree.
To support a lis pendens, the proponent of the lis pendens has the burden of establishing "a fair nexus between the apparent legal or equitable ownership of the subject property and the dispute embodied in the lawsuit." Chiusolo v. Kennedy, 614 So.2d 491, 492 (Fla.1993); Martell v. Dubner, 885 So.2d 469, 471 (Fla. 4th DCA 2004). A "fair nexus" requires a "good faith, viable claim." Martell, 885 So.2d at 471; Acapulco Constr., Inc. v. Redavo Estates, Inc., 645 So.2d 182, 183 (Fla. 3d DCA 1994).
The dispute embodied in this lawsuit stems from the alleged breach of an oral contract to purchase real property. "Pursuant to the statute [of frauds], no action can be brought to enforce a contract for the sale of land unless the contract is in writing and signed by the party to be charged." Cavallaro v. Stratford Homes, Inc., 784 So.2d 619, 621 (Fla. 5th DCA 2001). See also § 725.01, Fla. Stat. (2004); Alvarez v. Alvarez, 800 So.2d 280, 282 (Fla. 3d DCA 2001), review denied, 828 So.2d 384 (Fla.2002). Therefore, even if White had orally agreed to sell the real property to India America, the oral contract would have been unenforceable pursuant to Florida's statute of frauds, section 725.01, Florida Statutes (2004).
The same infirmity applies to the fraud count as India America cannot circumvent the effects of the statute of frauds by alleging that White fraudulently promised to sell it the real property, thereby fraudulently inducing it into executing an offer to purchase the real property. See Canell v. Arcola Hous. Corp., 65 So.2d 849 (Fla.1953). The facts in Canell are strikingly similar to the instant case. In Canell, the plaintiffs were relying upon an oral promise to create an easement, which like the purchase or sale of land, is governed by the statute of frauds and requires that in order for the agreement to be binding, it *861 must be in writing. Canell sued for damages for fraud and deceit. The Florida Supreme Court affirmed the dismissal of the complaint holding that, even though the defendant may not have intended to perform the oral contract at the time when he made the oral promise, the action for fraud and deceit could not be maintained based on the statute of frauds. Canell, 65 So.2d at 851. Similarly, in Dewachter v. Scott, 657 So.2d 962 (Fla. 4th DCA 1995), the Fourth District Court of Appeal noted that by couching a claim as fraud in the inducement, it would still be barred by the statute of frauds as the measure of damages would be the same as the damages for a breach of contract. Thus, it concluded that the fraud claim simply amounted to an attempt to obtain damages for breach of contract. Dewachter, 657 So.2d at 963. See also Puff `N Stuff of Winter Park, Inc. v. Bell, 683 So.2d 1176 (Fla. 5th DCA 1996). India America's fraud count is nothing more than an action to enforce an oral contract for the sale of land and therefore, does not constitute a good faith, viable claim necessary to support a lis pendens.
Additionally, we note that India America alleged that he relied on White's misrepresentation that he would sell the real property to India America. However, the record, which includes the written offer, contradicts this allegation. Specifically, the written offer provides that the contract is not binding unless accepted and delivered to White before a specific date. Therefore, by the terms of its offer, India America could not have believed that it had a binding contract based upon their oral communications.
Because India America does not have a "good faith, viable claim calling into question the apparent legal or equitable ownership of the subject property," Acapulco Constr., 645 So.2d at 183, it did not meet its burden of establishing "a fair nexus between the apparent legal or equitable ownership of the dispute embodied in the lawsuit." Chiusolo, 614 So.2d at 492. Accordingly, we affirm the order dissolving the notice of lis pendens.
Affirmed.