904 So.2d 438 (2005)
CONSECO SERVS., LLC., Appellant,
v.
Richard CUNEO & Ngaire Cuneo, Appellees.
No. 3D04-1995.
District Court of Appeal of Florida, Third District.
March 9, 2005.
Rehearing Denied July 6, 2005.
Greenberg Traurig, and Elliot H. Scherker, and David A. Coulson, and Lisa L. Jama, Miami, for appellant.
Fowler White Burnett, and Alan J. Perlman, and June G. Hoffman; and Podhurst, Orseck, and Robert C. Josefsberg, Miami, for appellees.
Before COPE, RAMIREZ, and WELLS, JJ.
RAMIREZ, J.
Conseco Services, LLC, appeals an order dissolving a notice of lis pendens. The Cuneos cross-appeal the order challenging certain conditions imposed before sale or encumbrance of their property. Because Conseco Services failed to show a fair nexus between the alleged fraudulent transfers and the real property encumbered by the lis pendens, we affirm the dissolution of the lis pendens and on cross-appeal *439 reverse the conditions imposed on the property.
The Cuneos participated in a loan program for certain Conseco, Inc., directors, officers and employees. Conseco Services was a subsidiary of Conseco, Inc. Pursuant to that loan program, the Cuneos borrowed approximately $40 million from participating banks and used those funds to purchase Conseco, Inc., stock. The Cuneos also executed notes and guaranties for $15 million in favor of Conseco Services; Conseco Services paid the interest on the Cuneos' bank loans. Subsequently, Conseco, Inc., filed for bankruptcy, and its stock became worthless. The Cuneos defaulted on the loans.
Conseco Services filed an action in Indiana against Ngaire Cuneo seeking repayment of the loans, and alleging fraudulent transfers by the Cuneos. In that action, Conseco alleged that the loans were not repaid and that the Cuneos had fraudulently transferred assets to other family members with the intent to hinder, delay and defraud their creditors. Subsequently, the Cuneos sold $8 million in securities (not Conseco, Inc., stock) and obtained a $2.45 million mortgage on their Connecticut home. They used those proceeds to purchase a $10.2 million home in Florida. The Indiana court denied Conseco Services' request for an injunction to prevent the Cuneos from hiding assets by maintaining the Florida home as their homestead property; the court ruled that it did not have jurisdiction over the Florida real estate.
Conseco Services then filed an action in Florida against the Cuneos. In count I, Conseco Services requested a declaratory judgment ruling that the Cuneos' transfer of funds was fraudulent because the Cuneos were attempting "to take advantage of the Florida homestead exemption" to "hinder, delay and defraud present or future creditors." In count II, Conseco Services asserted that it was entitled to an equitable lien on the Cuneos' Florida home because the Cuneos had "committed a fraudulent or otherwise egregious act by fraudulently transferring $10,200,000.00, all during the pendency of another fraudulent transfer action," and "[t]he funds used to purchase the Florida Property can be directly traced to at least two fraudulent conveyances, a $2.45 million mortgage taken out on the Cuneos' Connecticut home, and the sale of $8 million in securities, the proceeds of which were used to purchase[ ] the $10.2 million home in Florida." Conseco Services filed a notice of lis pendens on the property relying on its equitable lien claim. The Cuneos filed a motion to discharge the lis pendens. Following a hearing, the court dissolved the lis pendens ruling that there was no fair nexus between the Cuneos' Florida home and the dispute set forth in the complaint, and no other basis existed for the lis pendens. The court denied Conseco Services' stay motion. However, it ordered the Cuneos to provide notice to Conseco Services and to appear in court if it decided to sell or encumber the property. Conseco Services appealed and the Cuneos cross-appealed.
Contrary to Conseco Services' contention, the trial court properly dissolved the lis pendens because Conseco Services did not show a viable claim for an equitable lien on homestead property. A court must dissolve a lis pendens that is based on an unrecorded document unless the proponent "establish[es] a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit." Chiusolo v. Kennedy, 614 So.2d 491, 492 (Fla.1993); Von Mitschke-Collande v. Kramer, 869 So.2d 1246 (Fla. 3d DCA 2004); Martell v. Dubner, 885 So.2d 469 (Fla. 4th DCA *440 2004). In so doing, the proponent must show a good faith, viable claim. See India Am. Trading Co. v. White, 896 So.2d 859 (Fla. 3d DCA 2005); Acapulco Constr., Inc. v. Redavo Estates, Inc., 645 So.2d 182, 183-84 (Fla. 3d DCA 1994); Martell, 885 So.2d at 471. Conseco Services failed to show the requisite "fair nexus."
In essence, the Florida action alleges that the Cuneos fraudulently transferred their own funds to purchase the Florida homestead property and to avoid paying any judgment that Conseco Services may obtain in the Indiana action. In Havoco of America, Ltd. v. Hill, 790 So.2d 1018 (Fla. 2001), the Supreme Court held that absent one of the three constitutional exceptions, an equitable lien is not permitted against homestead property unless the funds used to invest in, purchase or improve the homestead were obtained through fraud or egregious conduct and that the fraudulent transfer act has no effect on the homestead exemption. Id. at 1029-30. Conseco Services does not claim that it provided any funds to the Cuneos, that the Cuneos acted fraudulently in obtaining the loans, or that its funds were used to purchase the Florida homestead property. Thus, Conseco Services has not demonstrated the requisite fraud or egregious conduct in the absence of any allegation that the Cuneos wrongfully or fraudulently obtained Conseco Services' funds to purchase, invest in, or improve the Florida home.
It is not enough that the Cuneos transferred their nonexempt funds to an exempt asset in order to keep those funds from creditors. If a debtor acquires homestead property with the "specific intent to hinder, delay, or defraud creditor," the property still enjoys Florida's constitutional homestead protection. Havoco, 790 So.2d at 1030. Conseco Services has not shown a good faith viable equitable lien claim that would call into question the legal or equitable ownership of the homestead property.
Because "alienation of the property or the imposition of intervening liens, if either actually occurred" could not disserve the purposes of the lis pendens, the trial court properly dissolved the lis pendens. See Chiusolo, 614 So.2d at 492; Okur v. Torres, 816 So.2d 1222 (Fla. 3d DCA 2002). Accordingly, we affirm that portion of the order dissolving the lis pendens. However, we reverse the order as to the notice provision as no basis for such notice exists.
Affirmed in part, reversed in part, and cause remanded.