912 So.2d 1271 (2005)
EUROHOME DI SOLEIL, LLC, and Jose A. Martinez, Petitioners,
v.
The OAKS GROUP, INC., Respondent.
No. 4D05-2681.
District Court of Appeal of Florida, Fourth District.
November 2, 2005.
*1272 Theodore Miloch II, Esq. of Infante, Zumpano, Hudson & Miloch, LLC, Coral Gables, for petitioners.
Jeffrey A. Rynor and Pamela A. Chamberlin of Mitrani, Rynor & Adamsky, P.A., Miami, for respondent.
KLEIN, J.
Petitioners seek review of an order dissolving a lis pendens, which we review by certiorari. Martell v. Dubner, 885 So.2d 469 (Fla. 4th DCA 2004).
The lis pendens was filed in connection with a complaint seeking specific performance of a contract for the sale of real estate. At the hearing on the motion to dismiss the complaint and the motion to dissolve the lis pendens, the seller argued that the sales contract had required an initial deposit of $25,000 and an additional deposit of $265,000 within five days. The seller further argued that the second deposit was not timely made and, after several extensions, the seller declared the contract in default.
The buyer responded by pointing out that the contract for sale provided that the initial deposit of $25,000 was to be made within five days, but that there was no time specified for the delivery of the second deposit. The buyer further stated that it had been trying to deliver the second deposit but that the seller would not respond to the buyer's letters. The court then announced it was dissolving the lis pendens because of the failure to pay the deposit, but denied the motion to dismiss the complaint for failure to state a cause of action.
In order to support a lis pendens, the plaintiff is not required to show a likelihood of success on the merits of the lawsuit, but rather that there is a fair connection between the legal or equitable ownership of the property and the dispute involved in the lawsuit. Chiusolo v. Kennedy, 614 So.2d 491 (Fla.1993); Martell v. Dubner, 885 So.2d 469 (Fla. 4th DCA 2004). Here the connection is beyond question.
Although it may turn out that the parties intended that the second deposit was to be made in five days, the contract fails to specify when the second deposit is to be delivered. The court accordingly erred in dissolving the lis pendens on the ground that the buyer was in default, at this stage of the proceeding.
We grant the petition for certiorari. Because the lis pendens is not based on a recorded instrument, reinstatement of it is conditioned on the posting of a bond to protect the seller from any resulting losses. Space Dev., Inc. v. Fla. One Constr., Inc., 657 So.2d 24 (Fla. 4th DCA 1995).
STEVENSON, C.J. and WARNER, J., concur.