922 So.2d 1110 (2006)
Deidra Ann BERGMANN, Petitioner,
v.
Julie SLATER, Respondent.
No. 4D05-1763.
District Court of Appeal of Florida, Fourth District.
March 22, 2006.
*1111 John H. Pelzer and Brigid F. Cech of Ruden, McClosky, Smith, Schuster & Russell, P.A., Ft. Lauderdale, for petitioner.
Diane H. Tutt of Diane H. Tutt, P.A., Davie, for respondent.
PER CURIAM.
Petitioner Deidra Ann Bergmann seeks certiorari review of a trial court order which granted respondent Julie Slater's motion to discharge and vacate a lis pendens. We grant this petition, quash the order, and remand for further proceedings.
This case began with a five-count complaint filed by Bergmann against Slater in January 2005, seeking an accounting to divide their assets, quantum meruit, constructive trust, damages for intentional infliction of emotional distress, and recovery under quantum meruit. Bergmann alleged that they had been in a long term personal relationship between July 1996 and September 2003 and that in May 2002 Bergmann had purchased undeveloped real property in Port Charlotte, Florida, with her own assets, placing the property in Slater's name.
Bergmann further alleged that she spent $100,000 of her own funds building a residence on that property. The payments included cash payments for the property, cash to the general contractor, cash to Slater to qualify her for a construction loan, and for various accessories for the residence. Slater was listed as the primary responsible party on the construction loan, allegedly to protect Bergmann's assets. Bergmann alleged that after their relationship terminated, Slater refused to reimburse her for her contribution to the property or her equity in it. Slater changed the locks on the property, refinanced the property in her name alone, and applied for homestead in her own name.
Slater filed a motion to dismiss the complaint for failure to state a cause of action. Bergmann filed a notice of lis pendens as to the property. Slater filed an emergency verified motion to discharge and vacate the lis pendens or require the posting of a bond.
Slater filed a notice of hearing which requested the court to set a hearing on the emergency verified motion to discharge and vacate the lis pendens. At that hearing, the trial judge orally dismissed the complaint with leave to amend and dissolved the lis pendens without an evidentiary hearing.[1] The judge expressly stated that he was dissolving the lis pendens as there was not enough of a nexus to the property alleged in the complaint to support the lis pendens.
Certiorari lies to review a trial court order discharging a lis pendens on *1112 real property. Eurohome DI Soleil, LLC v. Oaks Group, Inc., 912 So.2d 1271 (Fla. 4th DCA 2005); Martell v. Dubner, 885 So.2d 469 (Fla. 4th DCA 2004).
To support a lis pendens, the plaintiff is not required to show a substantial likelihood of success on the merits, only that there is a "fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit." Chiusolo v. Kennedy, 614 So.2d 491, 492 (Fla.1993) (footnote omitted). "The relevant question is whether alienation of the property or the imposition of intervening liens, if either actually occurred, conceivably could disserve the purposes for which lis pendens exists. Where the answer is yes, fair nexus must be found." Id. (footnote omitted).
To establish a fair nexus requires a showing of a "good faith, viable claim." Acapulco Constr., Inc. v. Redavo Estates, Inc., 645 So.2d 182, 183 (Fla. 3d DCA 1994). A proponent is not required to actually prove its constructive trust claim at the motion to dissolve the lis pendens. See Von Mitschke-Collande v. Kramer, 869 So.2d 1246, 1251 (Fla. 3d DCA 2004).
Id. at 471.
Bergmann has alleged a fair nexus between ownership of the property and the dispute in the lawsuit. The elements for a constructive trust are: (1) a promise; (2) transfer of the property and reliance thereon; (3) a confidential relationship; and (4) unjust enrichment. See Provence v. Palm Beach Taverns, Inc., 676 So.2d 1022 (Fla. 4th DCA 1996). Bergmann alleged a promise that Slater would take title to the property with the understanding of Bergmann's equity interest. The promise was based on a confidential relationship. The property was transferred to Slater alone, and Slater breached a promise leading to unjust enrichment. These allegations were sufficient to require the trial court to hold an evidentiary hearing on whether the facts established a fair nexus between the property and the claims in the lawsuit. Chiusolo v. Kennedy, 614 So.2d 491 (Fla.1993).
Order Quashed, Remanded for Further Proceedings.
FARMER, SHAHOOD and MAY, JJ., concur.
NOTES
[1] We also find that the trial court violated Bergmann's due process rights by dissolving the lis pendens when the notice of hearing did not provide for dissolution of the lis pendens to be addressed at the hearing. The notice of hearing provided only requested the court for a hearing date on the motion to discharge lis pendens. The trial court went beyond this notice in dissolving the lis pendens at that hearing.