PER CURIAM.
Patrick F. Surtain and Michelle J. Sur-tain, plaintiffs below, seek certiorari review of a trial court order which granted the motion by defendant Landmark Custom Ranches, Inc. (Landmark) to dissolve and/or strike Plaintiffs’ amended notice of lis pendens. We grant the petition, quash the order, and remand for further proceedings.
Plaintiffs’ original complaint essentially sought rescission of a real estate contract in which they had agreed to have Landmark construct a home for them on property it owned. However, their amended complaint included a count for unjust enrichment and another to impose and foreclose an equitable lien on the land, based on improvements to the property allegedly made by Plaintiffs with Landmark’s consent, allegedly outside of the terms of the contract. On the date of filing the amended complaint, they recorded a notice of lis pendens.
Landmark, which had found another buyer after Plaintiffs refused to close on the contract, moved on an emergency basis to dissolve and/or strike Plaintiffs’ notice of lis pendens. Without an evidentiary hearing, which Plaintiffs requested, the trial court granted the motion.
Certiorari lies to review a trial court order dissolving a lis pendens on real property. Bergmann v. Slater, 922 So.2d 1110 (Fla. 4th DCA 2006). To support a lis pendens, a plaintiff need not show a substantial likelihood of success on the merits, only a “fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit.” Chiusolo v. Kennedy, 614 So.2d 491, 492 (Fla.1993). If alienation of the property or the imposition of intervening liens conceivably could disserve the purposes for which lis pendens exists, a fair nexus must be found. Id.
Equitable liens exist “independently of any special agreement” and are enforceable “on the principle that one person, having gotten control of an estate of another, ought not in conscience to keep it, as between them, without making due compensation.” Special Tax Sch. Dist. No. 1 of Orange Cnty. v. Hillman, 131 Fla. 725, 179 So. 805, 809 (1938). Unjust enrichment may be the basis for an equitable lien, where the claimant has furnished funds to improve land with the knowledge and consent of the owner. Plotch v. Gregory, 463 So.2d 432, 436 & n. 1 (Fla. 4th DCA 1985).
It appears that Plaintiffs’ allegations sufficed to require the trial court to hold an evidentiary hearing to determine whether the facts establish a fair nexus between the property and the claims in the *833 lawsuit. Chiusolo, 614 So.2d at 492; Bergmann, 922 So.2d at 1112. On remand, the trial court is directed to hold such a hearing, at which Plaintiffs, as proponents of the lis pendens, have the burden of establishing that nexus. Chiusolo, 614 So.2d at 492 n. 2.

Petition Granted.

POLEN, STEVENSON and LEVINE, JJ., concur.