# Third District Court of Appeal

**State of Florida**

Opinion filed July 13, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2244
Lower Tribunal No. 10-293 P
_____

**Angler's Reef Property Owners' Association, etc.,**
Appellant,

vs.

**Guirm Investment LLC, etc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Monroe County, Ruth Becker, Judge.

Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., and Mark P. Dikeman, for appellant.

Vernis & Bowling of the Florida Keys, P.A., and Scott C. Black, for appellee.

Before SUAREZ, C.J., and LAGOA and LOGUE, JJ.

ON MOTION TO DISMISS

LAGOA, J.

Appellee, Guirm Investment, LLC ("Guirm"), moves to dismiss the appeal of an order discharging a lis pendens filed by Appellant, Angler's Reef Property Owners' Association, Inc. ("ARPOA"). We deny the motion to dismiss.

I.    FACTUAL AND PROCEDURAL HISTORY

On February 3, 2014, ARPOA filed and recorded a Notice of Lis Pendens as to several pieces of real property, including docking units 17-A and 18-A. On February 27, 2014, Guirm filed a motion to require ARPOA to post a bond for the lis pendens. The trial court granted Guirm's motion, but reserved ruling on the actual amount of the lis pendens bond. Following the trial court's grant of the lis pendens bond—but before a hearing on the bond amount—ARPOA filed a notice of appeal of the order granting the lis pendens bond. On December 23, 2014, this Court dismissed the appeal without prejudice, as the issue was not ripe for review until the trial court determined an actual bond amount.

Subsequently, on March 18, 2015, the trial court entered an order requiring ARPOA to post a $60,000 lis pendens bond for each docking unit. The order also provided that if ARPOA did not post the bonds within thirty days, Guirm could seek entry of an order discharging the lis pendens without further motion or hearing. After thirty days passed without ARPOA posting the bond, ARPOA submitted to the trial court a proposed agreed order discharging the lis pendens. On September 9, 2015, the trial court discharged ARPOA's lis pendens to docking

2

units 17-A and 18-A. On September 15, 2015, ARPOA filed its notice of appeal of the non-final order discharging the lis pendens, and Guirm moved to dismiss the appeal.[1]

II.   ANALYSIS

In its motion to dismiss, Guirm argues that in order to invoke this Court's jurisdiction, ARPOA should have filed its notice of appeal no later than thirty days from rendition of the trial court's March order setting the amount of the lis pendens bond for each docking unit. Guirm asserts that ARPOA's appeal is untimely under Florida Rule of Appellate Procedure 9.130(b) because it was not filed within thirty days "of the order to be reviewed," *i.e.*, no later than April 17, 2015. Guirm asserts that because ARPOA did not do so, this Court is without jurisdiction and the appeal must be dismissed.

Rule 9.130(a)(3)(B) provides for appellate review of interlocutory orders that dissolve injunctions, and this Court has repeatedly held that this provision of the rule provides the Court with jurisdiction to review trial court orders discharging lis pendens. See, e.g., Moss, 687 So. 2d 70; Bardino, 670 So. 2d 183; Acapulco

_____

[1] This Court has held that an appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B) is the proper vehicle for review of a non-final order discharging a lis pendens. See, e.g., Moss v. Arca Dev., Inc., 687 So. 2d 70, 70 (Fla. 3d DCA 1997); Bardino v. Bardino, 670 So. 2d 183, 184 (Fla. 3d DCA 1996); Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 656 So. 2d 1300, 1302 (Fla. 3d DCA 1995), decision approved in part, quashed in part on other grounds, 675 So. 2d 915 (Fla. 1996); Acapulco Constr. Inc. v. Revado Estates, Inc., 645 So. 2d 182, 183 (Fla 3d DCA 1994).

Constr., 645 So. 2d 182. Here, although ARPOA's notice of appeal does state that it appeals all three orders, *i.e.*, the order requiring ARPOA to post a bond, the order setting the amount of the bond, and the order discharging the lis pendens for failure to post a bond, the only argument presented in ARPOA's initial brief contests the requirement of the lis pendens bond, not the amount of the bond itself. Thus, while ARPOA's appeal of the trial court's first two orders is, in fact, untimely, its appeal of the third order discharging the lis pendens is timely (ARPOA filed its notice of appeal within a week of the discharge order). By timely appealing the September 9, 2015 order discharging the lis pendens, ARPOA can present arguments regarding the alleged wrongful discharge of the lis pendens for failure to post a bond, although it cannot (and does not) contest the order setting the bond amount.

Guirm correctly argues, however, that in two of the cases ARPOA cites in its initial brief, the appellants sought appellate review once the trial court ruled on whether to require a lis pendens bond and for how much to set the lis pendens bond amount, and did not wait until the trial court discharged the lis pendens altogether. See Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 656 So. 2d 1300 (Fla. 3d DCA 1995); Munilla v. Espinosa, 533 So. 2d 895 (Fla. 3d DCA 1988). These cases do not, however, stand for the proposition that ARPOA could only properly file its appeal at that time, and Guirm does not cite any authority to support this proposition. No Florida case or rule of procedure states that ARPOA

4

was required to appeal at that time and could not appeal after the trial court entered its order discharging the lis pendens, *i.e.*, dissolving the injunctive relief imposed by the lis pendens.

Because ARPOA filed its notice of appeal within thirty days of the trial court's order discharging the lis pendens, this Court has jurisdiction to review that non-final order. Accordingly, we deny the motion to dismiss.

Motion to dismiss denied.