DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHIVA STEIN,** on behalf of herself and all others similarly situated,
Appellant,

v.

**BBX CAPITAL CORP., JOHN E. ABDO, NORMAN H. BECKER, STEVEN M. COLDREN, WILLIS N. HOLCOMBE, JARETT S. LEVAN, ANTHONY P. SEGRETO, CHARLIE C. WINNINGHAM II, BFC FINANCIAL CORPORATION,** and **BBX MERGER SUBSIDIARY LLC,**
Appellees.

No. 4D16-4309

[March 21, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jack Tuter, Judge; L.T. Case No. 16-014713 CACE (07).

Emily Komlossy and Ross A. Appel of Komlossy Law, P.A., Hollywood, and Gustavo F. Bruckner and Gabriel Henriquez of Pomerantz LLP, New York, NY, for appellant.

Eugene E. Stearns, Grace L. Mead, Andrea N. Nathan, and Veronica de Zayas of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Miami, and Thomas G. Aubin of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Fort Lauderdale, for BFC Financial Corporation, BBX Merger Subsidiary LLC, John E. Abdo, and Jarett S. Levan.

Brian P. Miller and Samantha J. Kavanaugh of Akerman LLP, Miami, for BBX Capital Corporation, Norman H. Becker, Steven M. Coldren, Willis N. Holcombe, Anthony P. Segreto, and Charlie C. Winningham II.

FORST, J.

Appellant Shiva Stein, on behalf of herself and others similarly situated, challenged the consideration offered for her shares in Appellee BBX Capital Corporation that were acquired in a merger with Appellee BFC Financial Corporation. She appeals a final order dismissing her complaint with prejudice. Concluding that Appellant has not set forth "sufficient ultimate facts" showing entitlement to relief beyond the statutory remedy to which Appellee concedes Appellant is entitled, we affirm.

## Background

At the time of her complaint, Appellant owned shares of BBX. Her complaint was directed at BFC's proposed acquisition of BBX. BFC already owned eighty-one percent of BBX, and sought to acquire the remaining nineteen percent in exchange for cash or shares in BFC. The purchase was conditioned on both the approval of a special committee composed of independent BBX directors and an approving vote of a majority of the minority BBX shareholders unaffiliated with BFC. Under the terms of the proposed transaction, BBX shareholders could elect to receive shares of BFC's common stock; a cash payment for each share held; or a combination of shares and cash.

The complaint maintained that the proposed transaction significantly undervalued BBX with flawed calculations and that, by agreeing to sell BBX at an inadequate price, the result of an unfair process, the BBX board breached its fiduciary duties to shareholders. Appellant also alleged that material calculations were omitted in arriving at a sale price, and that minority shareholders were not fully informed with respect to the material details of the transaction. Appellant refused the near exclusive statutory remedy of an independent appraisal pursuant to section 607.1302, Florida Statutes (2016). Instead, she contended that she qualified for the statute's limited exception to appraisal set forth in section 607.1302(4)(b) (discussed below), and sought equitable relief from the courts. The trial court's order quoted *Williams v. Stanford*, 977 So. 2d 722, 730 (Fla. 1st DCA 2008), and dismissed the complaint because it failed to sufficiently allege "specific acts of fraud, misrepresentation, self-dealing, [or] deliberate waste of corporate assets."

## Analysis

The standard of review of orders dismissing complaints with prejudice is de novo. *MEBA Med. & Benefits Plan v. Lago*, 867 So. 2d 1184, 1186 (Fla. 4th DCA 2004). To survive a motion to dismiss, a complaint must allege "sufficient ultimate facts" showing entitlement to relief. *Id.* While we must accept the facts alleged as true and make all reasonable inferences in favor of the pleader, *id.*, conclusory allegations are insufficient. *Shands Teaching Hosp. and Clinics, Inc. v. Estate of Lawson ex rel. Lawson*, 175 So. 3d 327, 331 (Fla. 1st DCA 2015) (en banc).

"Section 607.1302, Florida Statutes (2003)—Florida's 'appraisal rights' statute—generally requires minority shareholders who dissent from a major transaction or disposition of assets to seek the remedy of tendering

their shares for appraisal and buy-back at a fair price . . . ." *Williams*, 977 So. 2d at 726-27. The statute aids the courts from becoming "bogged down in a wide range of disputes over the fairness of cash-out prices." *Id.* at 729. This includes mergers. § 607.1302(1)(a), (e), Fla. Stat. (2016).

"A shareholder entitled to appraisal rights . . . may not challenge a completed corporate action for which appraisal rights are available unless such corporate action: . . . (b) [w]as procured as a result of fraud or material misrepresentation." § 607.1302(4). This exception Appellant invokes has been interpreted to mean:

> Where the acts of waste of the corporate assets make the valuation on the appraisal date unfair, "a minority shareholder who alleges specific acts of 'fraud, misrepresentation, self-dealing, [or] deliberate waste of corporate assets,' may be entitled to equitable remedies beyond an appraisal proceeding if the alleged acts have so besmirched the propriety of the challenged transaction that no appraisal could fairly compensate the aggrieved minority shareholder."

*Foreclosure FreeSearch, Inc. v. Sullivan*, 12 So. 3d 771, 777 (Fla. 4th DCA 2009) (alteration in original) (quoting *Williams*, 977 So. 2d at 730). Typically, the misconduct would have to affect the value of the shares before appraisal rights are triggered, such that appraisal of the shares' worth "[i]mmediately before the effectuation of the corporate action to which the shareholder objects" would provide an unfairly low value. § 607.1301(4)(a), Fla. Stat. (2016).

"[A] plaintiff's mere allegation of 'unfair dealing,' without more, cannot survive a motion to dismiss . . . ." *Rabkin v. Philip A. Hunt Chem. Corp.*, 498 A.2d 1099, 1105 (Del. 1985)). Here, the claims of breach of fiduciary duties are largely based on speculative and conclusory allegations that do not specifically assert fraud or material misrepresentation.

The sole Florida case that Appellant relies upon in seeking an exception to the general statutory remedy of appraisal, *Williams*, is quite distinguishable from the instant case. There, the court found that, at the time the minority shareholders' "appraisal right crystalized, the company's treasury—and thus the corresponding value of their shares—had been all but eviscerated through several years of . . . alleged misappropriations and mismanagement of corporate funds . . . ," making appraisal of the shares' current worth likely insufficient and a hearing necessary to determine if they were entitled to "equitable remedies beyond an appraisal proceeding

3

if those allegations are proven true . . . ." *Williams*, 977 So. 2d at 729-30. *see also Foreclosure FreeSearch*, 12 So. 3d. at 778 (noting that "additional relief" is appropriate under the *Williams* analysis "where the majority has engaged in bad conduct and fraudulently diluted the value of the corporation.").

Appellant does not assert specific claims of "misappropriation," "mismanagement," or "fraudulent[] dilut[ion of] the value of the corporation" in the instant case. Although she speaks of "procedural shenanigans" in her initial brief, the focus of her complaint is on her perceived lack of access to information regarding the merger. However, an adequate remedy at law exists—a court-supervised independent appraisal, wherein she would be "entitled to the same discovery rights as parties in other civil proceedings." *Foreclosure FreeSearch*, 12 So. 3d at 776 (quoting § 607.1330(4), Fla. Stat.).

## Conclusion

Attempting to invoke section 607.1302(4)(b), Appellant's complaint baldly asserts that the offer to the shareholders "[w]as procured as a result of fraud or material misrepresentation." We agree with the trial court's well-articulated and supported order which concludes that Appellant's "complaint is devoid of any allegations of *specific* acts of fraud or misrepresentation, such that [Appellant] has remedies beyond appraisal." As noted above, an adequate remedy at law was available. Therefore, we affirm.

*Affirmed.*

GROSS and KUNTZ, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***