DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRANK E. WALSH III,**
Appellant,

v.

**KIMBERLY ABATE, SUCCESSOR TRUSTEE OF THE
3388 BARROW ISLAND TRUST,**
Appellee.

No. 4D21-1463

[March 23, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Gregory M. Keyser, Judge; L.T. Case No. 50-2021-CA-000317-XXXX-MB.

James S. Telepman of Cohen, Norris, Wolmer, Ray, Telepman, Berkowitz & Cohen, North Palm Beach, for appellant.

Kenneth M. Rehns of Ward Damon PL, West Palm Beach, for appellee.

LEVINE, J.

A real estate agent emailed an offer to purchase a home for $3.1 million on behalf of "Greg Cohen as trustee." The sellers wanted $3.4 million, and the buyer agreed. A few days later, the sellers' attorney sent Greg Cohen an email stating, "Seller accepted a different offer." Frank Walsh, appellant, then filed a complaint for specific performance based on the emails and text negotiations. The trial court granted the motion to dismiss, finding in part that the complaint did not state a valid claim because the contract was not fully executed as required by the statute of frauds. The trial court also dissolved the lis pendens filed by appellant. Appellant claims that the trial court erred in granting the motion to dismiss and dissolving the lis pendens. We disagree. We find that the trial court did not err, and as such, we affirm.

On December 30, 2020, a real estate agent emailed an offer to purchase a home located in Jonathan's Landing for $3.1 million with closing occurring on January 19, 2021. The offer, which used a form approved by the Florida Realtors and The Florida Bar, identified "Greg Cohen as

trustee" as the buyer. Cohen, as trustee, signed the offer. The offer defined the effective date as "the date when the last one of the Buyer and Seller has signed or initialed and delivered this offer or final counter-offer."

The sellers' agent replied via email that the sellers would only accept the list price of $3.4 million. Less than an hour later, the buyer's agent responded that the buyer would "meet the Seller's $3.4M with all other terms remaining the same" and "a quick cash close." The buyer's agent further stated, "Please have the Seller counter the offer on our contract at $3.4M, sign and return and I will get you the contract fully executed today." The sellers' agent responded via text message that the sellers "accept the $3.4 million" and "ask to close 2/1." The buyer's agent texted back, "Perfect and confirmed. Thank you!" Several days later, the sellers' agent emailed the buyer's agent, stating: "Please let the buyer know that the seller thanks him for his patience and accepts $3.4 million." The agent reiterated that the sellers "would like to close 2/1/21." A few days after that, the sellers' attorney emailed Greg Cohen that "Seller accepted a different offer."

Appellant then filed a complaint against the sellers for specific performance, attaching the above emails and text messages. In a footnote, the complaint acknowledged that Greg Cohen, as trustee, was identified as the buyer in the proposed contract, but stated that he "was a mere placeholder, and at all material times, Walsh was the sole party in interest with respect to the purchase of the Property." Appellant maintained that, based on the emails and text messages between the agents, a binding contract existed and that the sellers breached the contract, entitling appellant to specific performance.

The sellers moved to dismiss the complaint on several grounds, including that the purchase agreement was never executed, and the essential terms, including the addendum, were not agreed upon in writing or otherwise. The sellers also filed an emergency motion to dissolve the lis pendens filed by appellant, arguing that no contract was ever formed.

The trial court entered an order granting the sellers' motion to dismiss, finding, among other things, that the contract was never fully executed as required by the statute of frauds.[1] The trial court permitted appellant

---

[1] The sellers also argued in their motion to dismiss that appellant lacked standing to seek specific performance because he was not a party to the contract and that the sellers' agent did not have authority to enter a contract on the sellers' behalf. The trial court agreed with the sellers that appellant lacked standing. Because

fifteen days to file an amended complaint. After appellant declined, the trial court entered a final judgment of dismissal. The trial court also entered an order dissolving the lis pendens.

We review the dismissal of complaints with prejudice under the de novo standard of review. *Stein v. BBX Cap. Corp.*, 241 So. 3d 874, 876 (Fla. 4th DCA 2018). Further, "[t]o survive a motion to dismiss, a complaint must allege 'sufficient ultimate facts' showing entitlement to relief." *Id.* (citation omitted). Finally, in considering a motion to dismiss, a trial court's review is limited to the four corners of the complaint including the attachments. *Swerdlin v. Fla. Mun. Ins. Tr.*, 162 So. 3d 96, 97 (Fla. 4th DCA 2014).

We find that the trial court did not err in granting the motion to dismiss based on the statute of frauds.

The statute of frauds states:

> No action shall be brought . . . upon any contract for the sale of lands . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.

§ 725.01, Fla. Stat. (2020).

Appellant seeks to obtain specific performance of a contract for the sale of real property. The statute of frauds requires that (1) "the contract must be a writing signed by the party against whom enforcement is sought," and (2) "the writing must contain all of the essential terms of the sale and these terms may not be explained by resort to parol evidence." *Fox v. Sails at Laguna Club Dev. Corp.*, 403 So. 2d 456, 458 (Fla. 3d DCA 1981). Additionally, the statute of frauds "should be strictly construed to prevent the fraud it was designed to correct." *Tanenbaum v. Biscayne Osteopathic Hosp., Inc.*, 190 So. 2d 777, 779 (Fla. 1966).

In the present case, there was no written agreement signed by both parties as required by the statute of frauds. *See* § 725.01, Fla. Stat. Rather, the record reflects an initial offer signed by Cohen and thereafter only unsigned text messages and emails exchanged between the buyer's and sellers' agents. Significantly, the offer of purchase itself contemplated

the statute of frauds is dispositive, there is no need to consider the other grounds alleged.

a signed written agreement as it stated that the effective date of the agreement would be "the date when the last one of the Buyer and Seller has signed or initialed and delivered this offer or final counter-offer." Dispositively, the sellers did not sign the initial contract, and neither party signed the modification of price and closing date.

Appellant also argues that the trial court erred in dissolving the lis pendens, claiming the trial court applied an incorrect standard of proof.

An order dissolving a lis pendens is reviewed for abuse of discretion. *See Thomson v. Thomson,* 751 So. 2d 103, 104 (Fla. 4th DCA 1999). "[A] claim that the trial court used an incorrect legal standard or failed to properly apply the correct legal standard" is reviewed de novo. *Parker Waichman LLP v. R.J. Reynolds Tobacco Co.,* 288 So. 3d 726, 728 (Fla. 4th DCA 2019).

"A court must dissolve a lis pendens that is based on an unrecorded document unless the proponent 'establish[es] a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit.'" *Conseco Servs., LLC v. Cuneo,* 904 So. 2d 438, 439 (Fla. 3d DCA 2005) (quoting *Chiusolo v. Kennedy,* 614 So. 2d 491, 492 (Fla. 1993)). "To establish a fair nexus requires a showing of a 'good faith, viable claim.'" *Bergmann v. Slater,* 922 So. 2d 1110, 1112 (Fla. 4th DCA 2006) (citation omitted). This "requires a little more than simply pleading a theoretical nexus." *Nu-Vision, LLC v. Corp. Convenience, Inc.,* 965 So. 2d 232, 234 (Fla. 5th DCA 2007).

We find that the trial court applied the correct standard of proof in determining whether to dissolve the lis pendens. Further, because the trial court properly dismissed the complaint, it also properly dissolved the lis pendens. The lis pendens statute provides that "when the action no longer affects the subject property, the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions." § 48.23(3), Fla. Stat. (2020); *see also Jameson v. Jameson,* 163 So. 468, 468 (Fla. 1935) (finding that upon dismissal of the complaint, the lis pendens must also be dissolved). The dismissal of the complaint means the action no longer affects the property, mandating the dissolution of the lis pendens.

We conclude that the trial court did not err in granting the motion to dismiss and dissolving the lis pendens. We affirm.

*Affirmed.*

4

WARNER and KLINGENSMITH, JJ., concur.

\*   \*   \*

***Not final until disposition of timely filed motion for rehearing.***