# Third District Court of Appeal

## State of Florida

Opinion filed February 24, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1511
Lower Tribunal No. 22-580
_____

**Sharon Moore Bode, et al.,**
Appellants,

vs.

**Wilmington Savings Fund Society, FSB, etc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

David J. Winker, P.A., and David J. Winker, for appellants.

Atlas | Solomon PLLC, and Eric M. Levine and Adam G. Schwartz (Stuart), for appellee.

Before EMAS, SCALES and LINDSEY, JJ.

PER CURIAM.

Sharon Moore Bode and Roberto Bode appeal the trial court's order granting an emergency motion to discharge lis pendens. An order discharging a lis pendens is generally reviewed for an abuse of discretion, India Am. Trading, Co. v. White, 896 So. 2d 859, 860 (Fla. 3d DCA 2005), but statutory construction and pure questions of law are reviewed de novo. LB Judgment Holdings, LLC v. Boschetti, 271 So. 3d 115, 118 (Fla. 3d DCA 2019). Upon our review, we find no error in the trial court's order discharging the lis pendens in the instant case, and affirm.[1] See § 48.23(3), Fla. Stat. (2022) ("When the pending pleading does not show that the action is founded on a duly recorded instrument . . . the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions"); Petkovich v. Sandy Point Condo. Apts. Ass'n, Inc., 325 So. 3d 201, 204 (Fla. 3d DCA 2021) (holding petitioner was not entitled to lis pendens as a matter of right—i.e., as founded on a duly recorded instrument under section 48.23—because his claim was not based "upon the terms and provisions of the instruments" but instead was based "upon the

---

[1] To the extent appellants' claim is based on comments the trial court allegedly made at an October 2019 hearing, the record does not contain a transcript of that hearing. See Zarate v. Deutsche Bank Nat. Tr. Co., 81 So. 3d 556, 557 (Fla. 3d DCA 2012) ("An appellant has the burden to present a record that will overcome the presumption of the correctness of the trial court's findings.")

circumstances surrounding execution") (citing <u>Am. Legion Cmty. Club v. Diamond</u>, 561 So. 2d 268, 269 (Fla. 1990) (holding that a suit to set aside a conveyance of real property is not an action "founded on a duly recorded instrument" within the meaning of section 48.23, Florida Statutes, and thus the maintenance of a notice of lis pendens is not authorized as a matter of right)).

Affirmed.